# Webster Manufacturing Co. v. Patrick Mulvany, Adm.

1. DUE CARE—*Who is Entitled to the Exercise of, for his Protection.* —A laborer for a plumbing company, which had a contract with the defendant to put in water pipes, who was at work digging a trench in close proximity to a steam pipe, is in legal contemplation there by invitation of the defendant, and entitled to the exercise of due care by such defendant for his protection.

2. VERDICTS—*Upon Conflicting Evidence, Conclusive.*—The verdict of a jury upon conflicting evidence as to whether an explosion of a steam pipe was due to an inherent latent defect not discoverable by inspection, or to letting steam into the engine while water stood in the pipe, can not be disturbed.

3. WITNESSES—*Competency of a Steam Fitter to Testify as to Cause of Explosion.*—A steam fitter, with some, but not very great experience in running engines, who was present at the time of the explosion of a steam pipe and observed something of the conduct of the engineer, and who saw the pipe and its connections after the explosion, is competent to testify to his opinion as to the cause of the explosion.

Trespass on the Case.—Death from negligent acts.  Appeal from the Superior Court of Cook County; the Hon. JAMES HUTCHINSON, Judge, presiding.  Heard in this court at the October term, 1896.  Affirmed. Opinion filed February 9, 1897.

RICH & STONE, attorneys for appellant.

O'DONNELL & COGHLAN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action for the recovery of the pecuniary loss of the next of kin by the death of John Mulvany, of whose estate the appellee is administrator.

The appellant had just put into its works a new 225 horse power engine.

On the morning of October 28, 1892, the engine was started in motion, and almost immediately the ten inch steam pipe connecting the engine with the boilers burst, scalding John Mulvany so that in consequence thereof he died. At the time of the explosion the deceased was digging a trench very close to the steam pipe, as a laborer for a plumbing company which had a contract with the appellant to put in water pipes. In legal contemplation he was there by invitation of the appellant (Barnum v. Wagner, 64 Ill. App. 375), and entitled to the exercise of due care by the appellant for his protection. Fisher v. Jansen, 30 Ill. App. 91.

The cause of the explosion is therefore the material—or most material—question in the case. The evidence, which fills nearly 370 pages of the record, made it a fair question for the jury whether the explosion was due to an inherent latent defect in the pipe, not discoverable by inspection, or to letting steam into the engine while water stood in the pipe. There is abundant evidence that either of these causes would have been adequate, and upon the conflicting evidence the verdict of the jury, that the latter was the true cause, can not be disturbed.

The steam was let in by the engineer of the appellant in the regular course of his employment, and, as the verdict in effect finds, without proper precaution in draining the water from the pipe, for which means were provided.

There is some criticism upon permitting steam fitters who had also had experience—not very great—in running

engines, who were present at the time of the explosion, and observed something of the conduct of the engineer, and also saw the pipe and its connections after the explosion, to testify to their opinion as to the cause. In this was no error. Camp Point Co. v. Ballou, 71 Ill. 417.

No complaint is made of the instructions. The damages awarded—$2,500—do not indicate passion or prejudice by the jury. The deceased was nearly twenty-one years old, unmarried, and gave his wages—$18 per week—to his father.

The judgment is affirmed.