# Kitchen *v.* Riter-Conley Manufacturing Company, Appellant.

*Negligence—Contractor—Trespasser.*

Where the clerk of an owner of premises on which construction work is being done by a contractor, is injured by the negligence of the contractor, while on the premises in going on an errand from his employer to the contractor's superintendent, he may recover damages for his injuries from the contractor. In such a case the clerk is not a trespasser.

Argued Nov. 3, 1903. Appeal, No. 11, Oct. T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1901, No. 733, on verdict for plaintiff, in case of William McG. Kitchen v. Riter-Conley Manufacturing Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,861. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellant.—The plaintiff was in a place where he had no right to be and that he was at the time and under the circumstances a trespasser or at most a mere licensee : Knight v. Abert, 6 Pa. 472; Gillis v. Penna. R. R. Co., 59 Pa. 129, 143 ; Gramlich v. Wurst, 86 Pa. 74; Bolch v. Smith, 7 Hurl. & N. 736–745 ; Holmes v. North Eastern Ry. Co., L. R. 4 Exch. 254.

In the following cases, the injured persons were held to be mere licensees and that nothing short of wilful infliction of the injuries would permit them to recover damages : Benson v. Baltimore Traction Co., 77 Maryland, 535 (26 Atl. Repr. 973) ;

Pelton v. Schmidt, 97 Mich. 231 (56 N. W. Repr. 689); Oil
City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321; Gaughan
v. Philadelphia, 119 Pa. 503; Rodgers v. Lees, 140 Pa. 475;
Guilmartin v. Philadelphia, 201 Pa. 518; Batchelor v. Fortes-
cue, L. R. 11 Q. B. Div. 474.

An employee who leaves that portion of his master's premises
where his duties require him to be, and goes about to his own
convenience, becomes a mere licensee : Broslin v. Kansas City,
etc., R. R. Co., 114 Alabama, 398 (21 So. Repr. 475); Victory
v. Baker, 67 N. Y. 366; Metcalfe v. Cunard S. S. Co., 147
Mass. 66 (16 N. E. Repr. 701); Bedell v. Berkey, 76 Mich.
435 (43 N. W. Repr. 308); Parker v. Portland Pub. Co., 69
Me. 173.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellee.—The
appellee was not bound to anticipate the want of ordinary care
on the part of the appellant but had the right to presume that
the appellant in the performance of his work would exercise
ordinary care : Brown v. Lynn, 31 Pa. 510; Reeves v. D. L. &
W. R. R. Co., 30 Pa. 454.

OPINION BY MR. JUSTICE POTTER, January 4, 1904 :
The defendant company in this case contends that it did
not fail in the performance of any duty which it owed to the
plaintiff at the time and place of the accident. It is urged
that, when the plaintiff was hurt, he was in a place where he
had no right to be, and was therefore a trespasser, or at most
a mere licensee. The plaintiff was not an employee, nor was
the defendant company working upon its own premises, but it
was engaged as a contractor in enlarging the blast furnaces of
the Carnegie Steel Company, near the borough of Rankin.
The particular work being done at the time was the con-
struction of an inclined railway, to carry ore from the bins to
the top of the furnace. Many men besides the employees of
the defendant were working in the immediate vicinity. The
plaintiff was employed by the Carnegie Steel Company and was
sent with a message to the superintendent in charge of the
work of the defendant company. Not finding him in the tem-
porary office upon the ground, the plaintiff walked out in
search of him, to the uncompleted construction work, and,

while going over a passageway, near one of the furnace stoves, a heavy portion of the "skip hoist" fell, knocking down some large steam pipes and their supports, which struck and injured the plaintiff. The fall of the "skip hoist" was alleged to have been due to the use by the defendant of chain and tackle insufficient to bear the strain. It is argued upon behalf of the appellant, that the trial court should have instructed the jury that the appellee was a trespasser. This point is raised by the fourth assignment of error, which complains that the court erred in instructing the jury in its charge, as follows :

" First, then, as to his legal right to be where he was at the time of the injury. If he was a trespasser upon the property he could not recover damages, because the Riter-Conley Manufacturing Company, in the prosecution of its work upon the furnaces owed no duty to a mere trespasser, because a trespasser had no right to be upon the property. The plaintiff alleges that he was not a trespasser, but was lawfully upon the property, and in and about the construction work thereon, and in support of this assertion there is testimony that, in addition to the work being done by the defendant upon these premises in the construction of the furnaces, the Carnegie Steel Company, by agents and workmen, was also engaged upon that work, and in the line of duty passed along the passageway upon which the plaintiff alleges he was injured ; and that such passageway was a usual and customary way, used in common by the workmen of the Riter-Conley Manufacturing Company, and the workmen of the Carnegie Steel Company."

From this extract and from other portions of the charge it appears that the court left it to the jury to find whether or not the plaintiff was a trespasser. He said to them that, if the allegations of the plaintiff were true, that he was acting in the line of his duty, as an agent for his employer, in going along the passageway to deliver a message to the defendant's superintendent, at the time of the accident, then the plaintiff had a lawful right to be where he was, when he was hurt. In these instructions we see no error. The defendant company had no exclusive right to the use of the premises. The plaintiff had fully as much right there, in the service of his employer, as had the defendant, for both were engaged in carrying on different parts of the same general work of improvement at the

time. The errand upon which the plaintiff was engaged was a legitimate and proper one, and its purpose was one intended to be beneficial to the defendant. Under the circumstances it would have been error for the trial court to have held as a matter of law that the plaintiff at the time of the accident was where he had no right to be, and that, consequently, the defendant owed no duty of care towards him.

The distinction between the relative rights of a trespasser and a licensee is not important, in view of the facts in this case.

The defendant was not the owner of the premises where the construction work was being done. It was only entitled to such occupancy and use as might be necessary to enable it to perform its contract with the owner. No one who did not interfere with its work or come within the range of its operations could in any sense of the word be considered a trespasser, in so far as it was concerned. The plaintiff's employer was the owner of the premises where the accident occurred, so that no permission or license from the defendant company was required to entitle the plaintiff to be there, so long as he did not interfere with the construction work, or wander heedlessly into dangerous proximity to it. The evidence shows that the plaintiff was hurt while standing or walking upon a paved walk or passageway, over which people had been passing frequently. He was not struck directly by the falling portion of the inclined railway, but by some timbers that were carried down as a result of the first crash. It does not appear that he had any reason to suppose he was in danger at the spot where he was hurt. If he was there in the performance of his duty, then he was entitled to protection from dangers arising from the negligence of defendant.

The precaution which the defendant company was bound to take was not especially to protect the plaintiff, but it was bound to include within the scope of its forethought, and so far as reasonable prudence would dictate, to guard against injury to any one who might lawfully and properly be using the premises where the work of construction which they had in charge was in progress.

Admittedly, the plaintiff, by direction of his superior, was on the way to deliver a message relating to the business of his employer, to the defendant's superintendent. It would not

have been proper for the trial judge to have said as a matter of law, that he should have left the message with the clerk at the office, and that he had exceeded his duty in going on to the place where the work was in progress, in order to give it to the superintendent. At the most, under the particular circumstances, that would have been a question of fact to be determined by the jury.

As to the question of negligence upon the part of the defendant company, there was evidence tending to show that the chains which were used were not sufficient in strength to sustain and lift the great weight which was put upon them. The testimony as to the facts with regard to the use of the chains, and whether one or more were employed, and as to what the reasonable factor of safety was, under the circumstances, was all submitted to the jury under careful and proper instructions by the court. The evidence of negligence, if believed by the jury, was sufficient to sustain the verdict.

In the several assignments of error in this case, we find no ground for reversing the judgment. They are all overruled, and the judgment is affirmed.