WILLIAM FLANAGAN, Appellee, *vs.* WELLS BROS. COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. NEGLIGENCE—*sub-contractors on a building owe duty to each other's employees.* A· sub-contractor at work in the erection of a building owes to the employees of another sub-contractor engaged in the same work, and who are exercising due care for their own safety, the duty of exercising care to do his work in such a way as not to negligently injure such employees.

2. SAME—*duty of masonry contractor in erecting and removing platforms.* A masonry contractor engaged in removing portions of a wall of an old building as the addition being erected progresses, and who builds platforms to protect employees of other contractors working below, is bound to use care to see that the platforms are sufficient for the purpose intended and to remove them when the purpose is accomplished, and not to permit them to remain in an unsafe condition.

3. SAME—*when the question of proximate cause is for the jury.* Where there is evidence tending to show that a platform erected by the defendant sub-contractor had become unsafe, and that the defendant knew or ought to have known of such condition, and that employees of another sub-contractor were likely to walk upon the platform as .they had been accustomed to do, the question whether his negligence was the proximate cause of an injury inflicted by the falling of a plank while an employee of the other sub-contractor was walking upon the platform is for the jury.

4. PLEADING—*when evidence cannot be excluded because of variance.* Although the evidence introduced in a personal injury case may tend to prove negligence of a different character from that charged in the declaration, it cannot be excluded on the ground of variance unless the particular variance is pointed out.

5. SAME—*when declaration states facts sufficient to show a duty from defendant to plaintiff.* A declaration alleging, in substance, that the defendant and the plaintiff's employer were both sub-contractors engaged in the construction of a building, and that while the plaintiff was so employed, working in and about such building and exercising due care for his safety, the defendant negligently caused a piece of timber to fall from above the place where the plaintiff was working and strike and injure him, alleges facts sufficient to show a duty owing from the defendant to the plaintiff.

6. INSTRUCTIONS—*when instruction in personal injury case is properly refused.* An instruction in a personal injury case which

assumes that though the defendant was guilty of negligence, without which the accident would not have happened, yet if the concurring act of another person contributed to the plaintiff's injury the defendant would not be liable, is properly refused.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

RALPH F. POTTER, for appellant:

A variance between the declaration and the proofs is fatal, and the question is preserved for review by a motion, made at the trial, to strike out the evidence on that ground. *Mattoon* v. *Fallin,* 113 Ill. 249; *Harris* v. *Shebek,* 151 id. 287; *Railroad Co.* v. *Dickson,* 143 id. 368; *Libby, McNeill & Libby* v. *Scherman,* 146 id. 540.

It is essential to a recovery in an action for negligence that facts be alleged and proved which charge the defendant with some duty toward the plaintiff and with a violation thereof. *McAndrews* v. *Railway Co.* 222 Ill. 232; *Mackey* v. *Milling Co.* 210 id. 115; *Schueler* v. *Mueller,* 193 id. 402; *Railroad Co.* v. *Clausen,* 173 id. 100; *Ayers* v. *Chicago,* 111 id. 406.

To entitle a party to recover for damages alleged to have been sustained in consequence of the negligence of another, there must not only be negligence in fact, but it must have been the proximate cause of the injury. *Railroad Co.* v. *Becker,* 76 Ill. 30.

Where, subsequently to an original cause or condition, a new and independent cause intervenes which is adequate to produce and does bring about an injury, such new and independent cause is the proximate cause of the injury and supersedes prior causes and negligences, which must be considered remote. *Wolff Manf. Co.* v. *Wilson,* 152 Ill. 9; *Railroad Co.* v. *Siler,* 229 id. 390; *Pullman Car Co.* v.

*Laack,* 143 id. 242; *Railway Co.* v. *Kellogg,* 94 U. S. 469; Cooley on Torts, (2d ed.) secs. 70, 71; Shearman & Redfield on Negligence, (5th ed.) secs. 26, 32; Bishop on Non-Contract Law, secs. 42, 450; 2 Thompson on Negligence, sec. 1089; 21 Am. & Eng. Ency. of Law, (2d ed.) 495; *Stone* v. *Railway Co.* 171 Mass. 536; *Parker* v. *Cohoes,* 10 Hun, 531; *Mayer* v. *Building Co.* 116 Ala. 634; *Tutein* v. *Hurley,* 98 Mass. 211; *Herr* v. *Lebanon,* 149 Pa. St. 222; *Railroad Co.* v. *Quick,* 125 Ala. 553.

B. J. WELLMAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Appellee, in an action on the case for personal injuries alleged to have been sustained through appellant's negligence, recovered a judgment, which the Appellate Court affirmed, and the appellant has appealed to this court.

The accident in which the injuries complained of were received, occurred during the erection of an addition to a building in which appellant was contractor for the mason work and the Oscar Daniels Company for the iron and steel work. The addition was north of the old building, and the steel framework on the south of the addition was six or eight feet north of the north wall of the old building. In order to connect the framework of the old building with the new it was necessary to cut out parts of the north wall of the old building. The duty of cutting these holes in the old wall devolved upon the mason contractor, the appellant, and in order to protect the workers on the lower floor it was necessary to construct platforms to hold the material taken out of the wall. The appellant had constructed such platforms as the work progressed from the second floor up. All below the sixth floor had been removed at the time of the accident. It was in connection with one of these platforms on the sixth floor that the accident happened to appellee. The floor of the platform was composed of planks

about eighteen feet long, laid parallel with the north wall of the old building. This floor was supported upon planks three inches thick, twelve inches wide and about eighteen feet long, extending from the brick wall north across the open space and resting upon the girder in the south wall of the addition but not reaching the second girder. There were three of these planks, the south end of the east one of which was let into an opening in the brick wall. The middle one only reached the south wall but did not rest in it. The west plank was inserted in a hole in the brick wall, but upon it and covering its entire width rested the sill of a derrick, which was also inserted into the hole in the wall and wedged there. To the east side of this west plank was nailed a cleat three inches thick, to which the floor planks of the platform were nailed. When the platform was built there was a temporary flooring in that part of the sixth floor of the addition adjoining it on the north, and heavy planks were piled on the end of the planks of the platform projecting north of the iron girder. The flooring and the piles of plank had been removed at the time of the accident. The plank to which was nailed the cleat, on which the west end of the platform rested, belonged to the Oscar Daniels Company, and had been placed there to support the derrick with which that company hoisted the beams it was using in its work. Appellant completed its work in connection with this platform and then the Oscar Daniels Company moved its derrick to a floor higher up, leaving the plank on which the derrick had rested. The Oscar Daniels Company had nothing to do with this scaffold and the duty of removing it was that of the appellant. Though there was no contract between appellant and the Oscar Daniels Company, it was customary for the employees of each to go upon the scaffolds of the other. On the day of appellee's injury the riveting gang of the Oscar Daniels Company was working on the sixth floor, near this platform. There was a bucket of water on the plank on which the derrick had rested, near

its north end, and one of the riveters stepped on the plank to get it, when the end of the plank went down with him. He then ran south toward the other end, when that went down, the plank acting as a seesaw. He finally succeeded in reaching a solid beam, but the south-west corner of the platform sagged down and a piece of timber fell on and injured the appellee, who was working in the basement for another sub-contractor. After the accident the timber to which the cleat was nailed was found turned up on its edge, with the cleat underneath.

It is contended that the jury should have been instructed to find a verdict for the defendant; that there is a variance between the declaration and the proof; that two instructions asked by the appellant were improperly refused, and that the declaration is not sufficient to sustain the verdict.

The object of the platform was to protect the workers below. It was appellant's duty to use care to see that it was sufficient for the purpose, to remove it when its purpose was accomplished, and not to permit it to remain in an unsafe condition. There is evidence at least tending to show that after the removal of the derrick the scaffold was unsafe, and that appellee knew the derrick would be moved, and that its removal would affect the safety of the scaffold. There is evidence that it was customary for the iron workers to walk on the scaffold of the appellant. There being evidence that the scaffold was in a dangerous condition, that appellant knew or ought to have known that it was in a dangerous condition, and that it was likely to be walked upon by the employees of the Oscar Daniels Company, it might have anticipated that the result would be an injury to some one beneath from the falling of the scaffold. Whether appellant was guilty of negligence which was the proximate cause of the injury was properly left to the jury.

At the close of appellee's evidence the appellant moved to strike the evidence out, as being at variance with the

allegations of the declaration. No variance was particularly pointed out, no statement made showing the particular objection, to enable the appellee to amend to meet it. The charge was that the appellant caused the piece of timber to fall, striking the appellee. The evidence introduced was for the purpose of showing that appellant negligently permitted the piece of timber to fall. The motion did not call attention to this specific variance. Though the evidence introduced may tend to prove negligence of a different character from that charged in the declaration, it can not be excluded on the ground of variance unless the particular variance is pointed out. The court did not err in overruling this motion.

The appellant asked the court to give the following instruction to the jury:

"If you believe, from the evidence, that the platform in question in this suit was built by Wells Bros. Company for their own use and not for the use of others, in such a way that it could be and was safely used by them for the purposes for which it was built, and that afterwards Oscar Daniels Company, or one or more of their employees, used the platform for their own purposes without permission or license from Wells Bros. Company, and while so using it caused certain materials to fall from the platform and injure the plaintiff, he (the plaintiff) cannot recover for such injuries from Wells Bros. Company, and you must find the defendant not guilty."

It was properly refused. It assumes that though appellant was guilty of negligence in the construction of the platform, without which the accident could not have happened, yet if the concurring act of another contributed to cause the injury appellant would not be liable. The contrary is true. *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *Village of Carterville* v. *Cook,* 129 id. 152.

The substance of appellant's refused instruction 16 is contained in instruction 3 given at its request.

It is insisted that the judgment should be arrested because the declaration does not state facts showing any duty owing by the appellant. to the appellee. The declaration alleges, in substance, that the appellant and appellee's employer were both sub-contractors engaged in the construction of a building, and that while appellee was so employed, working in and about said building and exercising due care for his own safety, the appellant negligently caused a piece of timber to fall from a position above where the appellee was working and strike and injure him. One engaged in the construction of a building certainly owes to another engaged in the same work and exercising due care for his own safety the duty of exercising care to do his work in such a way as not to negligently injure the other. If the appellee was engaged in his work and using due care he was properly at the place where he was injured, and it was appellant's duty to know that he might be there and to use due care not to injure him. The declaration was sufficient.

The judgment is affirmed.          *Judgment affirmed.*