### Joseph Connelly, Appellee, v. George A. Fuller Company, Appellant.

### Gen. No. 15,458.

1. NEGLIGENCE—*duty of general contractor.* A general contractor erecting a building is obligated to exercise ordinary care not to injure persons lawfully working upon such building in connection with their employment by subcontractors.

2. INSTRUCTIONS—*when failure to limit jury will not reverse.* Held, that it was not error to fail to limit the jury, by an instruction given, to such testimony as was pertinent to the count remaining in the case, the jury having been instructed to disregard all other counts.

3. INSTRUCTIONS—*when cannot be complained of.* A party cannot complain of an error in an instruction if such error is likewise contained in an instruction given at his instance.

4. REMOVAL OF CAUSES—*when refusal of court to order removal not subject to review.* If the petition for removal is not abstracted or if the abstract does not show the order of the court upon such petition, it will be presumed that the order entered was correct.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 23, 1911.

FOLLANSBEE, McCONNELL & FOLLANSBEE, for appellant; MITCHELL D. FOLLANSBEE and CLYDE E. SHOREY, of counsel.

GEORGE E. GORMAN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This was an action to recover damages for personal injuries brought by the appellee, hereinafter referred to as plaintiff, against the appellant, George A. Fuller Company, and also L. H. Prentice Co. and the National Fire Proofing Co., hereinafter referred to as defendants. The parties went to trial on the fourth amended declaration, consisting of five counts and additional counts thereto. At the close of the plaintiff's case the court instructed the jury to find the defendants L. H. Prentice Co. and National Fire Proofing Co. not guilty, and also instructed the jury to find the defendant George A. Fuller Co. not guilty on all the counts of said fourth amended declaration, except the second count thereof, and not guilty as to all the additional counts thereto. The defendant George A. Fuller Co. offered no evidence, and the case went to the jury on the said second count. The jury found the said George A. Fuller Co. "guilty under the second count of the fourth amended declaration," and assessed the plaintiff's damages at the sum of $3,000; judgment was en-

tered thereon, and the defendant George A. Fuller Co. appeals.

The defendant George A. Fuller Company was the general contractor in charge of and erecting an addition to the Marquette building, in Chicago. The defendants L. H. Prentice Company and National Fire Proofing Company were sub-contractors of the said Fuller Company.

At the time in question there was an opening, called a hatchway, on the east side and near the north end of the building. The east side of this hatchway was the west wall of the old Marquette building. The other sides of the hatchway were not enclosed, except by a two by four railing about four feet above the floor. It seems the hatchway was divided into two parts by a six inch steel I beam. In the east part from the second to the seventh floors was a "succession of ladders" extending from floor to floor for the use of the various employees passing from floor to floor. This side was also used to hoist plank up to the various floors to be used in building scaffolds. The plank were hoisted by hand with a rope extending from the ground floor to a tackle fastened at this time at about the fourteenth floor. In the west part of the hatchway, that is west of the I beam, a hoist was operated to lift wheelbarrows of brick, tile, mortar, etc.

The plaintiff began work on this building on a Tuesday morning, employed by the L. H. Prentice Company as a steamfitter, and was injured between 8:30 and 9:00 o'clock the following Thursday morning. During that time he had not been higher than the eighth or ninth floors. On the morning of the accident he was working on the sixth and seventh floors, beginning at 8 o'clock. Going up the ladder from the sixth to the seventh floor, he heard a noise "like something striking against something else," and the next instant was struck on the head and fell to the ground floor, receiving serious injuries.

The said second count, on which the verdict rests,

avers as the ground of negligence that the defendants ''failed and neglected to provide guards, barriers, covers or other means of preventing said brick, tiling, fire proofing or other hard substances from falling through said hatchway while so being moved or carried about upon said floors above the seventh floor of said building, and by means of the premises   *   *   *   and for want of guards, barriers, covers or other protection over or around said hatchway, said quantities of brick, tiling, fire proofing and other hard substances fell from the upper floors, to-wit, the fifteenth floor of said building, and into and through said hatchway and upon the plaintiff,'' etc.

The defendant contends that the plaintiff failed to show that the defendant was guilty of any negligence or violation of any duty that the defendant owed him, and that the plaintiff was guilty of contributory negligence.   We think the duty the defendant owed the plaintiff under the circumstances of this case was to exercise ordinary care not to injure him.   Webster Manufacturing Co. v. Mulany, 68 Ill. App. 607; John Spry Lumber Co. v. Duggan, 80 Ill. App. 394, affirmed 182 Ill. 218; Leach v. Durkin, 98 Ill. App. 415; Flanagan v. Wells Bros. Co., 237 Ill. 82.   That a brick or some material fell from some place above the seventh floor and struck plaintiff, there can be no question, and from all the facts and circumstances in evidence it is a fair and reasonable inference that it would not have fallen had there been some guard on the floors above the seventh around the east part of the hatchway, that part provided for and necessarily used by the workmen going to and from the second and seventh floors. In the exercise of ordinary care, should the defendant under all the circumstances have provided guards, or other means, on floors above the seventh, to prevent brick, tiling or other materials from falling through the said east part of the hatchway used by the plaintiff and others, in the usual course of their employment, from the second to the seventh floors, was a question,

together with that of plaintiff's contributory negligence, under all the facts and circumstances in evidence, properly submitted to the jury.

The defendant next complains that the court, having instructed the jury to find the defendant not guilty on all counts except the second count of the fourth amended declaration, should not have given the following instruction:

"The jury are instructed that in determining what facts are proved in this case, they should carefully consider all the evidence given before them, with all the circumstances of the transaction in question as detailed by the witnesses, and they may find any fact to be proved which they think may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct evidence or testimony as to such fact,"
because it did not limit the jury to the consideration of the testimony pertinent to the said second count. We do not think the instruction misled the jury or was improperly given. Moreover, the defendant will not be heard to complain of said instruction, because the court gave, at its request, an instruction subject to the same objection, if it be an objection, which stated that the jury as "judges of the credibility of the witnesses and the weight of the testimony, and that in so judging they may consider to what extent witnessses were corroborated or contradicted by other evidence and circumstances proven in the case, the probability or improbability of the matters they testify to when considered in connection with the other evidence, and that if the jury believe any circumstances proven in the case relative to any issue were of greater weight in determining that issue," etc.    Baker v. Fawcett, 69 Ill. App. 300; Springer v. City of Chicago, 135 Ill. 552.

It is urged that the petition of the defendant that the cause be removed to the United States Court should have been allowed. The petition is not abstracted, nor does the abstract show the order of court pertaining thereto. Under such circumstances the presumption

is the court below was justified in its action.   Mayer v. Schneider, 112 Ill. App. 628.   We may add that the argument of the defendant that the cause should have been removed because of fraud in the joinder of the parties defendant, is not supported by the evidence.

The objections to the testimony pertaining to the injuries are not considered important, and we do not feel justified in holding the damages are excessive.

The judgment is affirmed.

*Affirmed.*