H. A. Nordhaus, Defendant in Error, v. The Peter Schoenhofen Brewing Company, Plaintiff in Error.

## Gen. No. 15,565.

PERSONAL INJURIES—*when rule of independent contractor does not apply.* The owner of premises owes to one engaged in working thereon the duty to exercise ordinary care not to injure him.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in

this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

LACKNER, BUTZ & MILLER, for plaintiff in error.

BENSON LANDON, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought by the defendant in error, Nordhaus, hereinafter called plaintiff, against plaintiff in error, Schoenhofen Brewing Co., hereinafter called defendant. The jury found for the plaintiff and a judgment was entered against the defendant for $600.

It is contended: "The court erred in not instructing the jury to find the defendant not guilty;" and "The verdict is against the manifest weight of the evidence."

The plaintiff was a machinist employed by Olsen & Tilgner Manufacturing Co., who, under a contract with the defendant, was making certain repairs in the machinery in one of defendant's mash tubs. The tub was circular in form and eighteen or twenty feet in diameter. The mechanism inside the tub was revolved by means of a vertical shaft extending up through the conical top of the tub to the ceiling of the mash room. The shaft was revolved by means of a bevel gear or wheel, at the top of the tub, through the center of which the shaft passed. This wheel was cast iron, about six feet in diameter and weighed fifteen hundred to two thousand pounds. In order to take the machinery out of the mash tub the defendant had removed the shaft and gear and suspended the gear from the ceiling by means of ropes and chains. All this work was done by the defendant, who delivered the machinery so taken from the tub to the said Olsen Company's factory. There the machinery was repaired and the plaintiff was sent with two helpers to replace same in the mash tub, as provided by defendant's contract with the Olsen Company. The plaintiff found the gear as suspended by the defendant, and was working at the tub some four or five days when one of the ropes broke and the gear fell upon plaintiff's foot. It

is undisputed that the gear fell upon plaintiff's foot and injured him while in the performance of his duties, and that the rope that broke was rotten.

It is claimed that the court should have instructed the jury to find the defendant not guilty because: "The owner of a building who engages an independent contractor to do work in the same owes no duty to a servant of the independent contractor to see that the instrumentalities used in the performance of the work are safe, even though such instrumentalities belong to the owner and are used with his permission or are furnished by him." The gear in question was suspended by the defendant more than four weeks before the accident, and we do not think the rope in question can be considered an instrument furnished the independent contractor to perform the work in question, even though it be conceded the Olsen Company had entire charge of the work of replacing the machinery after it was repaired. The Olsen Company had nothing to do with suspending the gear or using a rotten rope to so do. We think the case falls within the rule that the defendant owed the plaintiff the duty to exercise ordinary care not to injure him. Webster Manufacturing Co. v. Mulvany, 68 Ill. App. 607; Leach v. Durkin, 98 Ill. App. 415; John Spry Lumber Co. v. Duggan, 182 Ill. 218; Flanagan v. Wells Bros. Co., 237 Ill. 82.

In regard to the precise manner in which the gear was supported, the exact situation at the time of the injury, what the plaintiff was doing at that particular moment, etc., etc., the evidence is conflicting. Much may be said in argument on both sides. However, these questions were for the jury, and we do not think we would be warranted in holding the verdict was manifestly against the weight of the evidence.

The judgment is affirmed.

*Affirmed.*