## LISLE et al. v. ANDERSON.

No. 4785.—Opinion Filed Jan. 24. 1916.

Rehearing Denied Oct. 10, 1916.

### 1. Negligence—Pleading—Complaint.

In every case involving actionable negligence, there are of necessity three constituent elements to its existence: First, the existence of a duty on the part of the person complained against to protect the complainant from the injury of which he complains; second, the failure of the defendant to perform that duty; third, injury to the plaintiff resulting from such failure of the defendant; and when a petition affirmatively shows these three elements, it is good as against a demurrer.

### 2. Trial—Taking Case From Jury — Demurrer to Evidence.

Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled.

### 3. Negligence — Ordinary and Reasonable Care.

Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises; and, if such care is not exercised by the party on whom the duty rests and injury to another person results therefrom, liability on the part of the negligent party to the person injured will generally exist, in the absence of any other controlling element or fact, and this, too, without regard to the legal relationship of the parties.

### 4. Same — School Building — Independent Contractor.

Where the defendants had a contract with a school board to erect a school building complete save a heating and ventilating system, and the company for whom the plaintiff was working had a contract with the said school board for installing the said heating and ventilating system, and the defendants and the company for whom the plaintiff was working were each at the same time carrying out their respective contracts with the school board, and the defendants, under and by virtue of the terms of their contract, were to furnish and install joists in the attic of said school building, upon which a tank that was to be a part of the heating and ventilating system was to be placed by the plaintiff, and the defendants knew that this was one of the purposes for which the said joists were to be used, and after the defendants had selected and installed the said joists in said attic, but before said defendants had fully completed their contract with said school board and turned the building over to the school board, the plaintiff, in installing the said tank, went upon said joists, and one of the joists broke, and as a result thereof the plaintiff fell and was injured, held, that if the defendants knew, or by the exercise of ordinary care could have known, that the plaintiff might be reasonably expected to go upon the joists in installing the tank, the defendant owed the plaintiff the duty to exercise ordinary care in the

selection of said joists, although the relation of master and servant did not exist.

**5. Sunday—Injuries Received While Violating Sunday Law.**

The fact that the plaintiff was injured on Sunday, while at work in violation of the Sunday law of the state of Oklahoma, is not a bar to a recovery.

**6. Judgment — Conclusiveness—Finality—Order Sustaining Demurrer.**

When a demurrer to the plaintiff's petition is sustained and the court, by its order duly entered upon the record, allows the plaintiff a certain time in which to make his election as to whether or not he will stand upon the sufficiency of his petition, and the plaintiff, before the expiration of the time in which he is required to make such election, files a motion to dismiss the cause without prejudice, and the court sustains the motion and makes an order dismissing the cause without prejudice, the order sustaining the demurrer is not such a final adjudication as will defeat another action between the same parties in another court on the same facts as set out in the petition to which the demurrer was sustained.

**7. Release—Covenant Not to Sue.**

An instrument, executed to a joint tort-feasor in the following language: "I do agree and covenant that I shall never institute or prosecute any suit on account of my said injuries against said * * * L * * * and * * * K, or either of them," etc. —is merely a covenant not to sue, and not a release, and will not operate to discharge another joint tortfeasor from liability.

**8. Damages — Instructions — Personal Injuries—Future Pain and Loss of Future Wages.**

Instruction as to measure of damages upheld on authority of Midland Valley Railroad Co. v. Hilliard, 46 Okla. 391, 148 Pac. 1001, and authorities therein cited.

(Syllabus by Brown, C.)

Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by E. N. Anderson against E. M. Lisle and C. M. Dunning, doing business as E. M. Lisle & Co., to recover damages for personal injury. Judgment for plaintiff, and defendants bring error. Affirmed.

Everest & Campbell, for plaintiffs in error.

Ames, Chambers, Lowe & Richardson, and Hogsett & Boyle, for defendant in error.

Opinion by BROWN, C. The plaintiffs in error will be hereinafter called the defendants, and the defendants in error will be hereinafter called the plaintiff, in accord with their respective titles in the trial court.

The school district at Mountain View, Okla., on the 14th day of July, 1909, entered into two contracts, one for the construction of a school building and one for the installation of a heating and ventilating system in said building. The defendants had the contract for the construction of said building, and were to furnish all material and do all the work necessary to a complete structure in accordance with certain plans and specifications, save the installation of said heating and ventilating system. Lewis & Kitchens had the contract to install the heating and ventilating system, in accordance with certain plans and specifications. It was required by the plans and specifications for the building that a certain tank, which was a part of the heating and ventilating system to be installed by the said Lewis & Kitchens, was to be supported by the joists in the attic of the said building, and these joists were to be furnished and placed in said building by the defendants, and the defendants knew that the same were to be used as a support for said tank. The joists were made of pine lumber, size 2x6 and 12 or 14 feet in length, and were placed 16 inches apart from center to center, and extended north and south from one wall to another. Said joists were of size and length, and placed the distance apart, as called for by the plans and specifications. The plaintiff was superintendent for Lewis & Kitchens, and had charge of installing the heating and ventilating system. After the defendants had finished their work in the attic where this tank was to be placed, but before they had fully completed the building and delivered it to the owner, the plaintiff went into the attic to place the tank, and, while placing the tank upon said joists, one of the joists broke, and the plaintiff fell some 12 or 15 feet and was considerably injured. The evidence tended to show that said joists broke by reason of being windshaken or worm-eaten. Plaintiff brought this action against defendants to recover damages for the personal injuries received by the fall, basing his petition upon the above facts, with the allegation as to negligence as follows:

"* * * Defendants were careless and negligent in putting in place and maintaining said weak, rotten, and defective joist, when they knew, or by the exercise of ordinary care could have known, of its condition; and when they knew the purpose said joist was intended to serve; and when they knew it would be necessary for this plaintiff and other workmen, while in and about their work, to walk over and upon and stand upon this and other joists; and when they knew that plaintiff and other workmen intended to work upon and about said joists; and when they knew, or by the exercise of

reasonable care could have known that said joist was liable to break and injure this plaintiff or other workmen."

The plaintiff recovered judgment against the defendants for $3,000. Defendants filed a motion for a new trial, and same was overruled and exceptions allowed, and the case is brought here to have the action of the trial court reviewed. We deem it unnecessary, at this time, to make a fuller statement of facts, as same will more fully appear, where they are necessary to be stated, in the discussion of the various assignments of error to be considered by the court.

The first point urged by the defendants calls for a determination of the trial court's action in overruling a demurrer to the petition, a demurrer to the evidence, and refusing to direct a verdict in favor of the defendants.

The defendants claim that they owed the plaintiff no duty at the time he was injured, and that therefore there can be no liability. It is a familiar proposition that in every case involving actionable negligence, there are, of necessity, three constituent elements, to its existence: First, the existence of a duty on the part of the person complained against to protect the complainant from the injury of which he complains; second, the failure of the defendant to perform that duty; third, injury to the plaintiff resulting from such failure of the defendant. And it is only when these elements are brought together unitedly that actionable negligence is constituted. The absence of an affirmative showing of any one of these essential elements renders the petition bad, or the evidence insufficient. Loehring v. Westlake Const. Co., 118 Mo. App. 163, 94 S. W. 747; Faurot v. Oklahoma Wholesale Gro. Co., 21 Okla. 104, 95 Pac. 463, 17 L. R. A. (N. S.) 136; Faris v. Hoberg, 134 Ind. 269, 33 U. E. 1028, 39 Am. St. Rep. 261; Texas Co. v. Collins, 42 Okla. 374, 141 Pac. 783; C., R. I. & P. R. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008; St. L. & S. F. R. Co. v. Lee, 37 Okla. 545, 132 Pac. 1072, 46 L. R. A. (N. S.) 357.

With these principles in mind we shall examine the facts of the case. The plaintiff was not in the employ of the defendants; there was no privity of contract existing. Therefore the relation of master and servant did not obtain. But the defendants had a contract with the school board to erect a building complete save the heating and ventilating system; the company for whom the plaintiff was working had the contract with the school board for installing the heating and ventilating system. Both contractors were carrying out the terms of their contracts at the same time; the defendants

were doing the general construction work, and the plaintiff, for his company, was installing the heating and ventilating system. The defendants, by the terms of their contract, were to furnish and place the joists in the attic, upon which the plaintiff's company was to place the tank. It was not only necessary that the joists be furnished and installed in order that the defendants might complete the building, but it was also necessary that they be furnished and installed in order that the tank of the heating and ventilating system be supported, and the defendants knew that this was one of the purposes for which the joists were to be used. Now did they owe the plaintiff any duty in the selection of the joists? In the case of Delvin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311, the defendant, who was a scaffold builder, was employed by a painter to construct a scaffold, and he defectively constructed it, and it gave way and killed a person who was in the employ of the painter, and the Supreme Court of New York held the defendant liable. In the case of Loehring v. Westlake Const. Co., supra, the court had under consideration a proposition that involved the same principle that we have in the instant case, and the court in the course of the opinion said:

"* * * It is now well settled, in the law of negligence applicable to cases of this nature, that there are duties owing, the violation of which will constitute actionable negligence, in instances other than those arising out of privity of contract, and many such arising outside of the relation of master and servant, etc. The principle finds application in that class of cases where the injured party is rightfully on the premises, and is injured by the negligence of another under such circumstances as could reasonably have been foreseen, been contemplated, and the probable injury averted by ordinary care on the part of the person whose act caused the injury."

The Supreme Court of Illinois, in the case of Flanagan v. Wills Bros. Co., 237 Ill. 82, 86 N. E. 609, 127 Am. St. Rep. 315, announced the following doctrine:

"One engaged in the construction of a building certainly owes to another engaged in the same work and exercising due care for his own safety the duty of exercising care to do his work in such a way as not to negligently injure the other."

See, also, Heaven v. Pender, 11 Q. B. D. 503-509; Cameron v. Vandergriff, 53 Ark. 381, 13 S. W. 1092; Young v. Waters-Pierce Oil Co., 185 Mo. 634, 84 S. W. 929; Appel v. Eaton & Prince Co., 97 Mo. App. 428, 71 S. W. 741; Bill v. New York Expanded Metal Co., 60 App. Div. 470, 69 N. Y. Supp. 989; Kitchen v. Riter-Conley Mfg. Co., 207 Pa.

558, 56 Atl. 1083; Thompson on Neg. vol. 1, sec. 688.

Thus it will be seen that the rule deducible from the authorities, supra, is that, whenever the circumstances attending the situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises, and if such care is not exercised by the party on whom the duty rests and injury to another person results therefrom, liability on the part of the negligent party to the person injured will generally exist, in the absence of any other controlling element or fact, and this. too, without regard to the legal relationship of the parties. Hence the defendants, who knew that the joists were to be used to support the tank of the heating and ventilating system, and whose duty it was to select and install the same, if they knew, or by the exercise of ordinary care could have known, that the plaintiff might reasonably be expected to go upon the joists in installing the tank, owed the plaintiff the duty to exercise ordinary care in the selection of said joists although the relation of master and servant did not exist.

The plaintiff was injured on Sunday, and the court permitted the plaintiff to testify, over the objection of the defendants, to a conversation that he had with the defendants' foreman, to the effect that the foreman told him to go ahead and work on Sunday, and that he, the foreman, carried the key, etc. The fact that the plaintiff was working on Sunday, probably in violation of the Sunday laws of the state, was immaterial, and of course any evidence that was introduced merely to show the fact that the plaintiff was working on Sunday, or that he was advised to work on Sunday by the foreman, was immaterial, for if the injury occurred by reason of the defendants' failure to use ordinary care to see that the joists were reasonably suitable for the purpose intended, the injury was as liable to occur on Monday, or any other secular day, as it was on Sunday. City of Kansas City v. Orr, 62 Kan. 61, 61 Pac. 397, 50 L. R. A. 783, and cases therein cited. However, the evidence complained of was admissible as tending to show that the defendants, who were the general contractors on the building, had not yet fully completed the same and turned it over to the owners thereof.

The plaintiff first brought this action in the district court of Oklahoma county and a demurrer was sustained to the petition; the order sustaining the demurrer being as follows:

"It is therefore ordered, adjudged, and decreed by the court that said demurrer be and the same is hereby sustained, to which the plaintiff in open court duly excepted and still excepts. Thereupon, upon request of the plaintiff, said plaintiff is allowed ten days in which to make his election whether or not he will stand upon the sufficiency of his amended petition."

Within four days after the demurrer was sustained the plaintiff filed a motion to dismiss the cause without prejudice, and the court sustained the motion and made an order accordingly. The defendants urge that the court was without authority to dismiss the cause without prejudice, and that the order sustaining the demurrer was a final adjudication of the rights of the parties, and that the trial court erred in not permitting defendants to introduce in evidence the proceeding in the said district court to establish their plea of res adjudicata. The statutes of Oklahoma provide that the plaintiff may dismiss the cause without prejudice to future action—
"before the final submission of the case to the jury, or to the court when the trial is by the court." Section 5125, Rev. Laws Okla. 1910.

The Oklahoma statute touching this matter is identical with the Kansas statute. In the case of Ashmead v. Ashmead, 23 Kan. star page 263, the Supreme Court of Kansas in discussing the rights of the plaintiff under the above statute, said:

"It will be conceded that, after the final submission of the case, the plaintiff had no right to a dismissal without prejudice. Up to that time she had such right, and could exercise it of her own option, without the consent of the defendant or the permission of the court. At that time her rights in that respect ceased. But has not the court the power in its discretion to permit a plaintiff. even after the final submission, to recall that submission, and dismiss without prejudice, It would be both strange and harsh if such power did not exist."

In the case of Mason v. Ryus, 26 Kan. 464, the court said:

"After a demurrer to plaintiff's evidence has been sustained, and before any judgment is in fact entered, the right of the plaintiff to dismiss his action without prejudice ceases; * * * but the court has a discretion to permit him to so dismiss. * * * The statutory right of the plaintiff to dismiss without prejudice may have ceased. but the discretionary power and control of the court over proceedings before it is not ended."

In Schafer v. Weaver. 20 Kan. 296, the court said:

"Where a demurrer to evidence is submitted to the court, the submission is only conditionally final. It is final upon the condition that the court shall sustain the demurrer. * * * or if the court in its discretion shall reopen the case for the admission of evidence, or for the dismissal of the action without prejudice, then the submission is not final, or at least the action of the court thereon is not final."

In the instant case, the district court of Oklahoma county, at the time it made the order sustaining the demurrer to the petition, did not take final action in the case. It did not require the plaintiff at that time to elect as to whether or not he would stand upon the demurrer, or make the proper orders touching such election and finally disposing of this phase of the case; but it left the matter open for a period of 10 days, thus necessarily implying that in the future the court would make other orders touching this phase of the case and finally disposing of same; and, before the court finally disposed of it, the plaintiff obtained leave of the court to dismiss the cause without prejudice. We think that under the holdings of the Kansas court, supra, it was at least in the discretion of the court to allow this action to be taken. Having given such permission, the ruling, until reversed, is conclusive in any collateral inquiry, and it must be held in such subsequent inquiry that there had been no final adjudication; nothing which prevents a further inquiry as to the rights of the parties growing out of the alleged facts. Mason v. Ryus, supra.

After the injury plaintiff executed an instrument to Lewis & Kitchens, his employers, stating that for a certain consideration, naming it:

"I do agree and covenant that I shall never institute or prosecute any suit on account of my said injuries against said * * * L and * * * K, or either of them," etc.

—and the defendants complain at the action of the trial court in refusing to permit the said instrument to be introduced in evidence in support of their answer setting up a release; the defendants claiming that the instrument executed to Lewis & Kitchens was a release, and that therefore, under the doctrine that the release of one joint tort-feasor operates as a release of all, the said instrument was competent evidence to support their said answer. We see no error in this regard. The contention as to the instrument being a release is not tenable; there is no room whatever to doubt the meaning of the instrument; the intentions of the parties were clearly expressed therein. Under the light of all the authorities, it is a covenant not to sue Lewis & Kitchens; therefore it is not such an instrument as could operate to discharge the defendants from liability, though Lewis & Kitchens be joint tort-feasors with the defendants in the infliction of the injury upon the plaintiff. 34 Cyc. 1084, and cases cited. Hawkins v. Railroad, 182 Mo. App. 323, 170 S. W. 459; McDonald v. Grocery Co., 184 Mo. App. 432, 171 S. W. 650; 24 Am. & Eng. Enc. of L. 293; Matthey v. Gally, 4 Cal. 62, 60 Am. Dec. 395; Miller v. Beck, 108 Iowa, 575, 79 N. W. 344; Ellis v. Esson, 50 Wis. 138, 6 N. W. 518, 36 Am. Rep. 830; Chicago v. Smith, 95 Ill. App. 335; Bell v. Perry, 43 Iowa, 368; Arnett v. Mo. Pac. R. Co., 64 Mo. App. 368; Snow v. Chandler, 10 N. H. 92, 34 Am. Dec. 140; Spencer v. Williams, 2 Vt. 209, 19 Am. Dec. 711; Duck v. Mahen, 2 Q. B. (1892) 511; Texarkana Teleph. Co. v. Pemberton, 86 Ark. 329, 111 S. W. 257.

The defendants insist that that part of instruction No. 15, defining measure of damages, which allows a recovery for loss of future wages and for future pain and suffering, is erroneous, in that it does not require the jury to find from the evidence that such damages are "certain to result." We see no error in the instruction as given, and in support of this view we refer to the case of Midland Valley R. Co. v. Hilliard, 46 Okla. 391, 148 Pac. 1001, where this court upheld an instruction not nearly so favorable to the defendant as the instruction in the instant case. The other instructions complained of, we believe, fairly state the law applicable to this case.

From a careful consideration of the whole case we are convinced that no error of sufficient magnitude to warrant a reversal was committed, and that therefore the judgment should be affirmed.

By the Court: It is so ordered.