ALEX BURKES, Respondent, *v.* WILLIAM LIEBERMAN, Appellant.

First Department, December 17, 1926.

Motor vehicles — injuries to pedestrians — action for injuries suffered when defendant's automobile struck stone throwing it against plaintiff's leg — accident occurred at sharp turn on narrow road — only testimony was that automobile was going around turn "rather fast" and was beyond center of road when it struck small pile of stones — no evidence that driver saw stones — negligence not established.

In an action to recover damages for injuries suffered by the plaintiff when a stone was thrown against plaintiff's leg by the impact of defendant's automobile, the plaintiff did not establish negligence on the part of the defendant, since it appears that the only evidence bearing upon defendant's negligence is that the

accident occurred close to a sharp curve on a narrow dirt road, that the defendant drove around the curve, " rather fast," turned towards the left-hand side and when a few feet from the plaintiff struck a small pile of stones on the road and one of the stones was thrown against the plaintiff's leg, and there was no evidence whatever that the defendant knew of the existence of the pile of stones or saw the pile before he hit it.

MERRELL and BURR, JJ., dissent, with opinion.

APPEAL by the defendant, William Lieberman, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of December, 1925, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 2d day of December, 1925, denying defendant's motion for a new trial made upon the minutes.

*George F. Hickey* of counsel [*William Butler,* attorney], for the appellant.

*William B. Shelton* of counsel [*David Batt,* attorney], for the respondent.

MARTIN, J. This is an action to recover for personal injuries alleged to have been suffered by plaintiff as the result of carelessness in the operation of defendant's automobile. The plaintiff was walking with two other persons along the side of Parkstone road, an unpaved, dirt road, fifteen or sixteen feet wide. While they were proceeding in a southerly direction on the right of the roadway they saw an automobile approaching around a curve about thirty-five feet away. Though then on the right-hand side, as it proceeded around the curve, it swung over toward defendant's left, toward the side along which the plaintiff was walking. While being so operated, the front left-hand wheel struck a pile of stones, one of which, it is said, was thrown into the air six feet, hitting the plaintiff on the leg and causing the injury for which he recovered this judgment. The pile was made up of eight or nine stones and was about two feet wide and six to ten inches high. A stone produced in court as the one which hit plaintiff was shown to be a foot long and three or four inches thick and to weigh fourteen pounds.

There is testimony that the car was going " fast; " and the witness Schwartz, describing the accident, said: " We were walking along and as we got to this road, about fifteen feet, we saw a machine come around this curve. It was coming around *rather fast.* It came around on the right and made a short turn cutting over toward the left. It came down; in front of us there was a pile of rocks. It hit the rocks, one of the stones flying off and hitting Mr. Burkes in his leg." He also said he saw the stone " fly up " and hit the plaintiff. The defendant rested on the plaintiff's case.

Before the plaintiff is entitled to recover he must prove that the accident was the result of the negligence of the defendant. The testimony does not show that the driver was negligent. As the car was going around a sharp curve, it is not likely that its rate of speed was very high. To say that the car was going rather fast does not mean anything, especially as defendant was traveling round a sharp curve on a very narrow road. Nor is there any evidence that the driver of the car could see the stones or had reason to know that a small pile of stones would be in the roadway, or that he was negligent in not observing the same. He could not reasonably anticipate that such a phenomenon would happen as that described in the evidence for plaintiff. There is no proof in this case that the defendant did anything negligently or omitted to do any act that he should have done; and no violation of law of any kind in the operation of the machine is shown.

Considering the unusual manner in which the accident is asserted to have happened, as well as the very indefinite testimony as to speed, and the absence of any testimony upon which to base a finding of negligence, we believe this record to be insufficient to support the verdict and that the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., and FINCH, J., concur; MERRELL and BURR, JJ., dissent.

MERRELL, J. (dissenting). The action was brought to recover for personal injuries sustained by the plaintiff, as he claims, as the result of negligence and want of care of the defendant in driving his automobile along a road known as Parkstone road near the village of Parksville, Sullivan county, N. Y. The accident occurred on July 8, 1923. The plaintiff was a summer guest at a hotel or boarding house located on said Parkstone road. At that season of the year numerous boarding houses and hotels in the Catskill mountains in the vicinity where the accident occurred were filled with guests, and there appears to have been considerable travel upon the roads in that vicinity. The accident occurred about twenty-five feet southerly on said Parkstone road from the main street of the village of Parksville. Plaintiff, at about eleven o'clock in the forenoon of the day in question, in company with a Mrs. Schwartz and her son, Jacob Schwartz, had come up Main street and had started to walk along the westerly side of Parkstone road toward their hotel. Parkstone road at this point was about fifteen feet across and is described as a country dirt road with no grass plots at the sides of the road. The plaintiff testified that on the

west side of the road was a loose stone wall, and that he and his companions were walking single file along the westerly side of the road next to the stone wall. Plaintiff testified that they were walking about a foot from the wall, whereas, his companion, Jacob Schwartz, testified that they were walking rather closer to the wall and within about two inches to half a foot therefrom. Mrs. Schwartz was ahead, Jacob Schwartz following her, and the plaintiff following his two companions, all walking in single file. The plaintiff testified that when they had left Main street and had proceeded about fifteen feet along the Parkstone road, the road at that point curving sharply toward the west and in an uphill course, he saw the defendant's automobile come down around a turn of the road from the south and on the easterly side of the fifteen-foot road, and, as he describes it, traveling " fast; " that at the time he was first able to see the automobile approaching, it was about thirty-five feet away, and that immediately the automobile cut across the curve and down toward where the plaintiff and his companions were walking; that at that time on the westerly side of the road and about five or six feet from the stone wall was a pile of stones about two feet across and containing approximately a dozen stones of various sizes, the said pile being " a good ten inches " in height. The plaintiff testified that at the time he first saw the automobile approaching he was about nine feet northerly from this pile of stones in the road; that he continued walking and when he was about five or six feet from the pile of stones the defendant's car, coming at a fast rate of speed, struck the pile of stones and the top stone, about a foot in length and three or four inches in thickness, was struck by the left front wheel of the defendant's automobile and hurled through the air, striking the plaintiff on his shin bone about three inches below the knee. The plaintiff was thrown to the ground, and testified that he was suffering great agony at the time. The car of the defendant did not stop, but passed on, and it is plain from the evidence that the defendant and his son, who was riding in the car, knew nothing of the accident until they learned of its occurrence some time later from villagers in Parksville. The plaintiff testified that after being struck his companion, Schwartz, hailed a passing automobile and he was carried to the village drug store, a physician was summoned, and first aid administered. He was subsequently taken to a hospital at the nearby village of Liberty, where a surgeon was called, the plaintiff's left limb, which was injured, X-rayed, and a comminuted fracture of the shin bone was discovered. Plaintiff's limb was placed in a plaster cast, which remained for three weeks, and was then removed, and for several weeks he was only able to get about by the

use of crutches. There seems to be no question from the medical and surgical testimony given at the trial that plaintiff suffered a severe injury as the result of being struck by the stone. The surgeons sworn for the plaintiff all testified as to the complete fracture of the shin bone, and the fact that even at the time of the trial, two and one-half years after the accident, the plaintiff was still suffering as the result of the injury. The doctors all testified that as the result of the injury the plaintiff was suffering from periostitis or inflammation of the lining of the bone, and that within a week before the trial, upon being examined, a marked tenderness was found in the region of the injury, and that his condition and disability was a permanent one. There is no claim on the part of the defendant that the verdict of the jury, which was for $1,000, was at all excessive, and it would seem, considering the plaintiff's pain and suffering and his inability to pursue his work for some months following the accident, that the verdict was a very small one.

Mrs. Schwartz, the mother of Jacob Schwartz, and one of plaintiff's companions, was not called as a witness for the plaintiff, her absence being accounted for by the fact that she was ill at the time of the trial. Her son, Jacob Schwartz, testified in plaintiff's behalf, and substantially corroborated the plaintiff as to how the accident occurred. Schwartz testified that when they were about fifteen feet upon the Parkstone road he saw the car of the defendant, coming " rather fast," or as he said on cross-examination, " going rather very fast," from the south and around the turn and down the hill at that point toward Main street; that when he first saw the defendant's automobile it was on the easterly or right-hand side of the road as the automobile was traveling, and that as it approached the witness and his companions the car cut across toward the west side and struck the pile of stones, which Schwartz described as being about five feet from the stone wall at the west side of the road. Schwartz testified that he saw the left front wheel of the defendant's car, as it came at a rapid rate of speed, strike the pile of stones and saw it pick up and throw the top stone of the pile through the air, striking the leg of the plaintiff. Schwartz testified that he himself picked up the stone, and it was produced at the trial, the testimony being that it weighed fourteen pounds. Schwartz also testified that when the wheel of the automobile, which was a heavy, five-passenger Buick car, struck the pile of stones, several stones were thrown through the air. The stone which hit the plaintiff did not fly at right angles toward the latter, but came diagonally toward the point where the plaintiff was walking, four or five feet northerly from the line of the stone pile.

Schwartz testified that he saw this pile of stones the morning before the accident as he was passing in the opposite direction along the road. While there is no evidence as to the exact speed of the car at the time it struck the pile of stones, it is very evident that it was traveling at a very rapid rate of speed, described by the plaintiff as " fast " and by Schwartz as " rather fast," and as " rather very fast."

The defendant argues that the accident was a most unusual one, and that it was a physical impossibility for the stone to be thrown as described. The answer to this is the fact that the automobile *did* strike the stone and *did* hurl it through the air, striking the plaintiff as described by himself and Schwartz. The evidence in plaintiff's behalf was undisputed, the defendant not testifying and offering no evidence controverting the testimony of the plaintiff and the witness Jacob Schwartz as to how the accident occurred, the defendant resting at the close of the plaintiff's case. It, therefore, must be assumed that the testimony in behalf of the plaintiff was true. It seems to me there is nothing so very unusual in regard to the throwing of this stone. Dependent on the rapid speed of the car, such an occurrence might readily happen. The stone was described as a flat one and to have been the top stone of the pile " a good ten inches " in height. If the car was traveling at a very rapid rate of speed, as it must have been, it is not at all unlikely that it struck this pile of stones in a manner to have thrown this unwieldy, flat stone a distance of four or five feet, striking the plaintiff, or the stone may have projected from the top of the pile so the rim of the wheel of the defendant's automobile picked it up and threw it as described by the plaintiff and his witness Schwartz. Any one who has ridden on stony country roads knows that it is not an unusual thing for an automobile wheel to pick up a stone and hurl it with great force, sometimes to the side of the road, and sometimes striking the mudguard of the automobile. In any event, this stone *was* thrown as described by the plaintiff's witnesses. There can be no doubt as to that, and there can be no doubt as to its weighing fourteen pounds. It seems to me that the physical possibility of such an accident happening rests entirely in the speed at which the car was traveling and the manner in which the stone was picked up or struck from the top of the pile, and that the very occurrence itself clearly proves that the automobile was being driven at an excessive rate of speed.

The defendant insists that under well-known doctrine the accident was so unusual and not to be foreseen by the defendant, that the defendant, in the exercise of due care, cannot be said to have been negligent. I do not think there is much to such contention.

At the time of the accident, had the defendant been driving at a moderate rate of speed down the hill and around the curve into Main street, he could well have avoided striking the pile of stones and injuring the plaintiff. Had the defendant been driving at a prudent rate of speed, even had the wheel of his automobile struck the stone pile, it would not have hurled any of the stones through the air as it did. Defendant had ample room to pass to the east of the pile of stones, there being a clearance, according to the testimony, of about ten feet between the stone pile and the margin of the road to the east. At the time the defendant struck the stone pile he was on the wrong side of the road and was traveling at a very fast rate of speed. It is a matter of common knowledge that with the universal use of automobiles at the present time, the drivers are often careless and regardless of the rights and safety of pedestrians upon streets. Here was a narrow road of only fifteen feet in width, and defendant, had he proceeded at the prudent rate that the situation demanded, would have kept on the right side of the road and not cut across the curve toward the plaintiff. It is probable that defendant's rate of speed as he rounded the sharp curve necessitated his cutting across to his left in order to maintain the equilibrium of his car. I think the jury was justified in finding ˚the defendant negligent in coming around this turn at a rapid rate of speed and down hill and allowing his car to go toward the west on the wrong side of the road and strike the stone pile resulting in plaintiff's injury, and that defendant's negligence was the proximate cause of plaintiff's injuries. It seems to me the fact that the stone pile was only about ten inches in height does not make it at all improbable that the accident happened as testified to by the plaintiff and his witnesses. Suppose, for instance, there had been a pile of lumber four or five feet high where the stone pile was located, or suppose a timber or post had been standing at that point, and the defendant's automobile coming around the turn had cut across and struck it throwing it against the plaintiff and injuring him, would there be any question as to the negligence of the defendant under such circumstances? I think not. I think there is just as much ground for the jury to find the defendant negligent under the undisputed facts in the case at bar. At that season of the year in the locality where the accident happened the roads were undoubtedly much frequented by summer guests who had come from the city to the Catskill Mountains for their vacations. The defendant lived across the road from the hotel where the plaintiff was stopping and must have known of the probability of his encountering pedestrians in going around the sharp bend and down hill at the point of the accident. I think

he was called upon to exercise greater care in the driving of his car than the 'evidence indicates, and had he exercised reasonable care both as to its speed and to his position in the road the accident never would have occurred. The recovery is a very small one. The charge of the court was, if anything, favorable to the defendant. It certainly did not favor the plaintiff in any respect. The court left it to the jury to say whether, under all the circumstances, the defendant was negligent, and whether, in the exercise of due care, he should have foreseen that an accident might happen as the result of his fast driving and as the result of his cutting across the curve to the wrong side of the road.

I think the verdict was amply justified, and that the judgment and order should be affirmed, with costs.

Burr, J., concurs.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.