COMMERCIAL CREDIT CORPORATION, Appellant, *v.* WALTER A. GREINER, Respondent.*

PER CURIAM. The undisputed evidence shows a voluntary manual transfer of the possession of the note, although in an uncompleted form. This delivery was conditional upon certain circumstances which did not transpire. If they had transpired the condition would have been performed and the delivery completed. From the time that the note was manually delivered there was, in our opinion, a delivery as that word is defined in section 2 of the Negotiable Instruments Law, which delivery was, however, conditional. Sections 33 and 35 of the Negotiable Instruments Law are, therefore, applicable and the plaintiff's cause of action was made out. All concur, except Taylor and Thompson, JJ., who dissent and vote for affirmance on the ground that the trier of the facts correctly found that the plaintiff did not sustain the burden incumbent upon it of showing that this was not an uncompleted instrument that had not been delivered. (Neg. Inst. Law, § 34.) Judgment reversed on the law, with costs, and plaintiff's motion for a directed verdict for the amount demanded in the complaint granted, with costs.

FRED L. MANNING, as Executor, etc., of JESSIE L. MANNING, Deceased, Respondent, *v.* DALE ENGINEERING COMPANY, Defendant, and BRYAN W. HUSTED, Appellant.

PER CURIAM. On this record there is insufficient proof that appellant or either of his truck drivers had actual or constructive notice that these trucks had cast any stones at any time, and the finding of negligence in appellant is against the weight of the evidence. Under the circumstances, there is no basis for a conclusion that such a mishap as that which resulted in injuring plaintiff Jessie L. Manning was within the reasonable apprehension of appellant. All concur, except Thompson, J., who dissents and votes for affirmance. Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. [See *post*, p. 756.]

*Affd., 264 N. Y. 653.