JOSEPH DEMJANIK, Respondent, *v.* A. R. KULTAU, Doing Business under the Assumed Name and Style of KULTAU MOTOR EXPRESS, Appellant.

HELEN DEMJANIK, an Infant, by JOSEPH DEMJANIK, Her Guardian ad Litem, Respondent, *v.* A. R. KULTAU, Doing Business under the Assumed Name and Style of KULTAU MOTOR EXPRESS, Appellant.

Fourth Department, October 3, 1934.

*George P. Keating* and *S. H. Millener,* for the appellant.

*Samuel Sapowitch [Bernard Swartz* of counsel], for the respondents.

EDGCOMB, J. While standing upon the sidewalk in a public street in the village of Lackawanna, Helen Demjanik, a young girl eight years of age, was struck by a brick. A jury has said that this accident was occasioned by reason of defendant's negligence. We think that there is not sufficient evidence to sustain such a verdict.

No one saw the girl struck. She says that she was hit by a brick, but she does not pretend to say where it came from or who threw it. She did not see it until " after it fell down " on the

walk. Several hours prior to the accident some six or seven bricks were seen lying on the pavement near the spot where this accident took place, and after plaintiff was struck several were found strewn about in the roadway at this point. Immediately after the accident defendant's truck was seen on the street just beyond the spot where the girl stood. No other vehicles were in sight. From this evidence plaintiffs seek to draw the inference that defendant's truck caused this unfortunate occurrence.

The burden rests upon the plaintiffs to prove that this accident was occasioned by reason of some fault on the part of the defendant, rather than by an act for which he was in no way responsible. For the want of a better explanation one might guess that the defendant's truck hit one of the bricks lying on the pavement, and that the impact caused it to be hurled through the air and strike the plaintiff. A verdict, however, cannot be based upon a surmise or conjecture. That is altogether too scanty evidence. Imagination cannot take the place of convincing proof. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Scharff* v. *Jackson*, 216 id. 598; *Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 id. 90; *Lane* v. *City of Buffalo*, 232 App. Div. 334, 336; *Huff* v. *American Fire Engine Co.*, 88 id. 324, 328, 329; *Baudenbach* v. *Schwerdtfeger*, 224 id. 314, 318; *Losie* v. *Delaware & Hudson Co.*, 142 id. 214.)

In *Lane* v. *City of Buffalo* (232 App. Div. 334) plaintiff was struck by a missile, which she claimed was a baseball, carelessly thrown by some boys who were playing " catch " on an adjoining playground. No one testified what the object was which struck the plaintiff. One might easily have guessed that it was the ball used by these lads. This court affirmed a judgment in favor of the defendant, and held that a verdict could not be sustained upon the mere random judgment of a jury that the accident was occasioned by an act of these boys, rather than that of some third party.

But if we were to assume that some act of defendant's servant was responsible for this accident, we fail to find any evidence from which it can be said that such act was a negligent one.

There is no evidence that the truck was traveling at an excessive rate of speed, or that the driver saw the bricks on the pavement, or knew that they were there. He cannot be held negligent simply because the wheel of his truck struck one. (*Burkes* v. *Lieberman*, 218 App. Div. 600; affd., 245 N. Y. 579; *Manning* v. *Dale Engineering Co.*, 240 App. Div. 749.)

An accident of this nature would be so unexpected by the average careful driver that he could not be required, at his peril, to guard against it. Defendant was bound to use only such care and caution as were commensurate with the hazard to be apprehended. Failure

to guard against the remote possibility of an accident, one which in the exercise of ordinary prudence could not be foreseen, does not constitute actionable negligence. (*Van Leet* v. *Kilmer*, 252 N. Y. 454; *Palsgraf* v. *Long Island R. R. Co.*, 248 id. 339, 342; *McPherson* v. *City of New York*, 204 id. 430; *Beickert* v. *G. M. Laboratories*, 242 id. 168; *Hall* v. *N. Y. Telephone Co.*, 214 id. 49; *Perry* v. *Rochester Lime Co.*, 219 id. 60; *Jex* v. *Straus*, 122 id. 293; *DiBiase* v. *Ewart & Lake, Inc.*, 228 App. Div. 407; affd., 255 N. Y. 620; *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583; affd., 235 N. Y. 605; *Babcock* v. *Fitzpatrick*, 221 App. Div. 638; affd., 248 N. Y. 608; *Lane* v. *City of Buffalo*, 232 App. Div. 334, 338.)

For these reasons we think that the judgment cannot stand, and that it should not only be reversed, but that the complaint should be dismissed.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

In each case: Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.