## CURTIS v. LA FRANCA.

### No. 16858.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1939.

Maurice B. Gatlin, of New Orleans, for appellant.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for appellee.

JANVIER, Judge.

Lucinda Curtis brings this action ex delicto against J. La Franca, alleging that, as she was walking on one of the sidewalks in New Orleans, La Franca drove his automobile at high speed over "a large rock which was lying in the street * * *, causing said rock to fly through the air and strike petitioner * * *."

Defendant denies that there was any negligence on his part, averring that, if his automobile struck any such rock and if such rock struck petitioner, there was no fault in him since he was operating his car on an unpaved street and under conditions which would not have led any reasonably prudent person to foresee the possibility of such an accident.

In the court below there was judgment for defendant, our brother below giving the following reasons for his conclusions:

"There will be judgment for the defendant, dismissing the suit of plaintiff, for the reason there is no evidence before me to show that the defendant was in any way negligent or careless in the operation of his automobile and that this was a matter of an accident, purely and simply, beyond the control of the defendant."

The accident occurred at about 8:20 o'clock in the morning, at the corner of Annette and Villere Streets. The defendant—on his way to work—drove his automobile along Annette Street, which was not paved, and turned to his left to enter Villere—also an unpaved street. Plaintiff, who was walking along the sidewalk of Annette Street, stopped on the corner to allow the automobile to pass and, while she was waiting, a piece of concrete about 5 inches long, 2 inches thick, and 4 inches wide at one end and about 2½ inches wide at the other, apparently was "pinched" by the rear wheel of the automobile with the result that it flew through the air the short intervening distance and struck petitioner. There is some doubt as to whether she was actually struck by the piece of concrete, which has been produced in court, but we will assume that she was struck and that the concrete produced was the object which hit her.

The evidence shows to our entire satisfaction that the automobile turned the corner at moderate speed—possibly 8 to 10 miles an hour—though plaintiff, in her petition, alleges that it was traveling in excess of 45 miles per hour. The evidence also shows, as has been stated, that both streets were unpaved, and that the surfaces thereof were somewhat similar in color to the concrete which plaintiff claims struck her.

Defendant states that he did not see the rock at all and, as we have said, there is some doubt if it was actually hit by his automobile. But if it was struck, it was one of the rear wheels which struck it as

the turn was being made.. The rock was about the size of a half of an ordinary brick. It was lying in an unpaved street, the surface of which was similar in color to that of the rock. The street was very rough, there being a large hole almost directly in the path of the automobile. Under such circumstances it was not negligence on the part of defendant to fail to see the rock and, in fact, even had he seen it, we do not think that it would have constituted negligence to fail to foresee the possibility that it might be "pinched" out from under the wheel and strike the plaintiff.

We agree with the trial judge that there was no negligence at all on the part of defendant.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.