Charles A. Loreto, J.
The following briefly are the facts of this automobile negligence case. While the plaintiff Fannie Miller was seated on her front porch, her hand was struck and injured by a piece of glass of a Pepsi Cola bottle. She testified that she saw the bottle about four feet from the curb in the roadway in an open space between two cars parked against the curb on her side of the street; that the defendant intending to park his vehicle in that free space backed into it slowly and that he continued to back up after she heard a loud noise, presumably the cracking of the bottle when struck by a wheel, and then her hand was struck by a fragment of glass. The defendant denied that he saw the bottle or heard any noise as he was backing up. This plaintiff has brought suit to recover damages for personal injuries sustained by her and her husband has brought a companion action for loss of services,
*224 The jury rendered a verdict in favor of the plaintiffs. Decision was reserved on the defendant’s motion to dismiss the complaint made at the close of the entire case and also on her motion, to set aside the verdict. Defendant’s attorney also moved for a mistrial because upon the plaintiff’s cross-examination of the defendant, the latter brought out the fact that he was insured. Decision was reserved on this motion also.
As the court will rest its decision herein on the basic issue of defendant’s negligence, it will not be necessary to pass upon the latter motion.
The question is whether as a matter of law the plaintiff has failed to prove a prima facie case of failure on the part of the defendant to use reasonable care in the operation of his motor vehicle. The jury’s verdict is a finding that he did not use that degree of care and that his failure to do so was the proximate cause of the plaintiff’s injuries. It may be that the jury was influenced in the rendition of its verdict by the unwitting mention of insurance coverage. The court, however, will predicate its decision upon the assumption that the jury’s verdict was not influenced by any extraneous consideration.
What is negligence, of course, varies with the facts of each case and whether one has exercised . ordinary prudence and caution is peculiarly a question of fact. (Imbray v. Prudential Ins. Co., 286 N. Y. 434, 440.) The court is mindful that only where there is no evidence which can reasonably satisfy a jury on that issue may its finding be set aside by the court. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241.)
It has been noted in Payne v. City of New York (277 N. Y. 393, 395): “It is not an uncommon experience to have an automobile catch an article on the roadway and cause it to fly in the air, and such articles may be a source of danger to pedestrians and others on the roadway ”. There responsibility was fastened upon the defendant for creating the offending road condition. 11 One who negligently leaves stones or piles of stones in the public roadway might reasonably foresee injury to persons driving along the street and hitting such obstruction. (Francis v. Gaffey, 211 N. Y. 47; Sweet v. Perkins, 196 N. Y. 482.) We cannot say as matter of law that this defendant could not reasonably foresee an accident such as befell plaintiff.” (P. 396.)
It becomes a more troublesome problem in determining where to draw the line of liability insofar as the motorist is concerned whose vehicle catches the article on the roadway and causes it to fly in the air and strike someone. This is indicated in the reported decisions dealing with this type of situation.
*225 Thus, in Manning v. Dale Eng. Co. (240 App. Div. 749, affd. 269 N. Y. 636), where there was evidence to the effect that for several weeks prior to the accident the defendants’ trucks had cast stones, the Appellate Division held that on the record there was insufficient proof to hold that the defendant or its drivers had actual or constructive notice of that fact and “ Under the circumstances, there is no basis for a conclusion that such a mishap as that which resulted in injuring the plaintiff Jessie L. Manning was within the reasonable apprehension of appellant [defendant].” Judgment for plaintiff was reversed and a new trial ordered.
And in Burkes v. Lieberman (218 App. Div. 600, affd. 245 N. Y. 579) where there was testimony that the defendant’s automobile was going “ fast ” around a curve and one wheel of his vehicle struck a small pile of stones causing one of them to fly up and strike the plaintiff pedestrian, the verdict in favor of the plaintiff was set aside and a new trial was directed. The majority opinion of the court written by Martin, J., states: “ Nor is there any evidence that the driver of the car could see the stones or had reason to know that a small pile of stones would be in the roadway, or that he was negligent in not observing the same. He could not reasonably anticipate that such a phenomenon would happen as that described in the evidence for plaintiff. There is no proof in this case that the defendant did anything negligently or omitted to do any act that he should have done; and no violation of law of any kind in the operation of the machine is shown ” (p. 602).
We find in the Burkes case, additional facts of significance not present at bar. These are stated in the dissenting opinion of Justice Merrell who would charge the defendant with negligence because he was in a locality, where he must have known there were many summer guests, driving at an excessive rate of speed downhill around a curve on a narrow road allowing his car to go to the wrong side of the road and strike the stone pile. Notwithstanding these facts, the reversal was affirmed by the Court of Appeals, thereby implying that the risk of injury to the pedestrian was not within the range of reasonable apprehension of the driver.
And in Demjanik v. Kultau (242 App. Div. 255, 256-257) the court was not satisfied that the evidence proved that the defendants caused a brick to be hurled through the air and strike the plaintiff. It went on to add that even if it were to assume that some act of the defendant’s servant caused the accident, it could not declare it to be a negligent one. “ There is no evidence that the truck was traveling at an excessive rate of speed, or *226 that the driver saw the bricks on the pavement, or knew that they, were there. He cannot be held negligent simply because the wheel of his truck struck one. (Burkes v. Lieberman, 218 App. Div. 600, affd. 245 N. Y. 579; Manning v. Dale Engineering Co., 240 App. Div. 749.) An accident of this nature would be so unexpected by the average careful driver that he could not be required, at his peril, to guard against it. Defendant was bound to use only such care and caution as were commensurate with the hazard to be apprehended. Failure to guard against the remote possibility of an accident, one which in the exercise of ordinary prudence could not be foreseen, does not constitute actionable negligence. [Citations.] ”
In this ease, can it be held that the defendant was negligent simply because the wheel of his automobile struck a bottle lying in the street? Assuming that he saw it or should have seen it, was he required to stop his vehicle, get out of it, remove the object from the road or to deviate his course before proceeding? And failing to do so, to suffer the penalty of responding in damages to one injured by fragments of glass which were propelled in one direction or another by the wheels of the automobile? Was he required to guard against such a possibility at his peril?
The consideration of these questions cannot be taken in the abstract but in the light of the condition of our streets and all the surrounding circumstances. It is not an uncommon, but always a lamentable sight, to notice sticks and stones and objects of all kinds strewn about and at times refuse littering our city streets. With the tremendous and ever increasing vehicular traffic the incidence of potential danger due to such conditions necessarily increases. There is danger to the motorist and danger to the bystander.
If for every object in the roadway, the motorist is required at his peril to turn or deviate from his course to avoid it or to stop to remove it for fear that his vehicle might strike it and that it might then be propelled some distance striking a pedestrian, it becomes apparent that the burden thereby thrust upon him becomes one that would not generally be accepted in our motor age. For one can readily perceive the added obstruction and danger to traffic and risks to the public that would ensue, if such conduct by the motorist were treated as the norm. More is required to impose such a duty upon the driver. Such we glean from the reported cases.
“ The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is a risk to another or to others within the range of apprehension ”. (Palsgraf v. Long *227 Is. R. R. Co., 248 N. Y. 339, 344.) Without a showing of more than has been here shown, it cannot be said that the risk of harm to the plaintiff seated on her porch was within the range of apprehension of the defendant in backing up his vehicle.
The motion to set aside the verdict in favor of plaintiff and to dismiss the complaint is granted.