Gkcetith, J.
When the conduct of a party is once ascertained, the question whether it came up to the standard of reasonable care prescribed by the law ordinarily must be decided as a matter of fact. Only in clear eases can it be ruled on as a matter of law.
At the conclusion of plaintiff’s case, was there not presented a question of whether the defendant, under all the attending circumstances, exercised ordinary care toward the plaintiff ?
The driver of defendant’s truck, who was thoroughly familiar with the construction area in the project by having previously made other deliveries of concrete, testified, as upon cross-examination, in substance, as follows:
He knew that a quantity of loose rocks of various sizes and shapes were scattered over the street pavement; that in operating his truck over such rocks there was a possibility that some *324 rocks would be squeezed and thrown sidewise as the tires of the heavily loaded truck passed over them; that on delivery of his previous load he had warned a group of men who were standing nearby to watch out for rocks thrown by the truck; that in moving his truck into position for unloading the next load he noticed a group of men, which included the plaintiff, standing nearby but did not warn them, watching only for persons who might be in the path of his truck or in the way of the delivery chute which, at that time, was extended sideways from the truck; that he saw a rock flying through the air just before it struck the plaintiff, standing about 20 feet away; and that he assumed that the rock that struck plaintiff came from under the truck.
Do not these probative facts at least permit a deducible inference that defendant had a duty to exercise ordinary care toward the plaintiff as he stood there? It may be noted that such facts also permit the drawing of a parallel inference of negligence on the part of defendant in failing to discharge that duty.
In Lisle v. Anderson, 61 Okla., 68, 159 P., 278, L. R. A., 1917A, 128, it is stated:
“Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises # *
In Holden v. Cincinnati Gas & Electric Co., 57 Ohio App., 448, 456, it is said:
“* * * wherever a person or corporation through his or its activities is brought into proximity with another, some care is required so that harm will not result to such person. The duty of care exists in the absence of any statute and, if care is omitted and injury directly results therefrom, liability arises.”
The evidence concluded with plaintiff’s case, so no evidence was submitted in support of the defense of contributory negligence or assumption of risk. The plaintiff’s position in this ease is that it is simply one of foreseeability.
The basic issue of law presented in this appeal is: Under *325 all the circumstances of this case, did the defendant owe a duty of ordinary care to warn the plaintiff as it operated its truck in his vicinity.
Was the trial court correct in its conclusion, after hearing the plaintiff’s evidence only, that, as a matter of law, defendant owed no duty or obligation to the plaintiff? The court was guided by a long line of cases from Florida, Kentucky, Louisiana, Massachusetts, New York and Pennsylvania. Smith’s Bakery, Inc., v. Jernigan (Fla. App., 1961), 134 So. (2d), 519; Randall v. Shelton (Ky., 1956), 293 S. W. (2d), 559; Curtis v. LaFranca (La. App., Orleans, 1939), 186 So., 765; Sylvester v. Shea (1932), 280 Mass., 508, 182 N. E., 916; Burkes v. Lieberman (1926), 218 App. Div., 600, 218 N. Y. Supp., 593; Palsgraf v. Long Island Rd. Co., 248 N. Y., 339, 162 N. E., 99; Rockey v. Ernest, 367 Pa., 538, 80 A. (2d), 783. Those are highly respectable authorities for the court’s ruling.
Although direct testimony as to the throwing of the rock, and the cause thereof, is absent, there is an inference to be drawn in respect thereto. The defendant urges that the plaintiff failed to establish negligent conduct on the part of defendant’s driver, and that, therefore, there was no liability.
In 2 Restatement of the Law, Torts, Section 282, negligence is defined as follows:
‘ ‘ * * * negligence is any conduct, except conduct recklessly disregardful of an interest in others, which falls below the standard established by law for the protection of others against unreasonable risk of harm.”
This court, in paragraph three of the syllabus in Wellman v. East Ohio Gas Co. (1953), 160 Ohio St., 103, more specifically defined, as follows, the elements which must be shown to establish actionable negligence:
“To establish 1 actionable negligence’ three essential elements must be shown, namely, a duty or obligation on the part of the person charged with such negligence to protect another from injury, a failure to discharge that duty, and an injury to such other proximately resulting from that failure.”
The defendant contends that it did not owe a duty to the plaintiff to protect him from that flying rock and from the injury he received; and that the manner in which the truck *326 was operated completely discharged defendant’s duty to the plaintiff.
After a careful review of the testimony of the driver of defendant’s truck and the other testimony in the record, it is our conclusion that the ruling by the trial court, that, as a matter of law, the defendant owed no duty to the plaintiff, was in error. The throwing of the stone was not such an unusual occurrence under the circumstances that it could be found, as a matter of law, that the defendant, in the exercise of reasonable care, had no duty to guard against it.
The operation of a heavily loaded truck over loose rocks on a private way in a construction area presents an entirely different situation, with respect to the tires picking up and throwing or snapping out sideways loose rocks, from the operation of the same truck on a public highway.
In the former instance, the truck is being operated in an area where the incidence of loose rocks on the private way, due to the construction and the concentration of workers, is much greater than on a public highway; there is, under such circumstances, a greater potential danger to persons in the area; and the driver of the truck is in a position to control such danger, not only in the operation of his truck but by warning those in the vicinity of the moving truck — or his employer may control the danger by having a watchman on the job. On the contrary, in the latter instance, there is no practical way in which a driver on a public highway can control or warn others of such danger.
The trial court, when ruling on a motion for a directed verdict, shall construe the evidence most strongly in plaintiff’s favor. Tanzi v. New York Central Rd. Co., 155 Ohio St., 149.
So construing plaintiff’s evidence, we hold that, under the particular circumstances of this case, plaintiff’s evidence presented facts from which reasonable minds could come to different conclusions as to whether defendant owed plaintiff a duty of reasonable care. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469. It was, therefore, prejudicial error for the court to hold, as a matter of law, that defendant owed no duty or obligation to the plaintiff and to direct a verdict for the defendant.
*327 We do not say that defendant did owe a duty of reasonable care to the plaintiff. We say only that, at this stage of the proceeding, the trial court could not say, as a matter of law, that defendant owed no duty or obligation to the plaintiff.
Accordingly, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Gibson, JJ., concur.