ELLIS, Judge.
This suit was filed as a result of an accident occurring on October 4, 1960 in which Carl T. Jeansonne was injured. A rock was ejected with force from beneath the front left tire of a truck and it flew through the air a distance of about ten feet and struck plaintiff on the forehead. Plaintiff received a slight concussion and a cut on the forehead. Mr. Jeansonne filed suit against Louisiana Ready Mix Company, Inc., the owner of the truck, and against the owners’ liability insurer, National Surety Company, for personal injuries and medical expenses incurred as a result of the accident.
After a trial on the merits, judgment was granted rejecting plaintiff’s demands. A devolutive appeal was perfected by the plaintiff from this judgment.
There is little dispute about the facts presented in this case. The plaintiff, Carl T. Jeansonne, was standing near a construction site at St. Gerard’s School in Baton Rouge, Louisiana conversing with Coach Gonzales. Milton Davis, an employee of Louisiana Ready Mix Co., Inc. drove on a concrete slab preparatory to backing out of the site which was partially *158 enclosed or blocked in by the new construction and existing buildings. The driver explained that he had just delivered a load of concrete and had pulled his front wheel on to a slab in order to be in a position to back out. The slab was littered with scattered gravel which is the natural result of such construction. After stopping, the driver turned the steering wheel maneuvering to back out. As the front tires were turned a piece of gravel was suddenly ejected from underneath the left front tire and it forcefully struck defendant on the forehead.
The only point of difference in the plaintiff’s and defendant’s versions of the accident is that plaintiff relied upon the testimony of Coach Gonzales. In his testimony the Coach stated the truck must have been backing out to have thrown the rock in the fashion in which it did. However, if the truck was backing out there is nothing in the record to indicate that this movement was being done in a careless or hasty manner. Therefore, it is not necessary to decide which version of the accident was actually correct since both versions would substantiate the trial court’s judgment for the reasons hereinafter set forth.
The question before this court on appeal is whether or not the actions of Milton Davis constituted actionable negligence. Counsel for plaintiff cites two Louisiana cases as well as several out of state cases in support of his position, Walton v. Fireman’s Fund Ins. Co., et al., La.App., 128 So.2d 328; Curtis v. La Franta, La.App., 186 So. 765; Schiermeier v. Hoeffken, 309 Ill.App. 250, 33 N.E.2d 147; Ridley v. Grifall Trucking Co., 136 Cal.App.2d 682, 289 P.2d 31; Miller v. Gonzalez, 9 Misc.2d 190, 163 N.Y.S.2d 687. As pointed out by counsel for defendant, cases similar to the case at bar in which recovery has been allowed, fall into three categories:
“1. Those cases where the excessive speed of a passing vehicle was the cause of injury.
“2. Those cases where a vehicle in motion was caused to strike a plainly visible foreign object such as a bottle, or other foreign object which was in the street, and
“3. Those cases where vehicles in attempting to get traction have caused the driving wheels to spin, thus propelling an object which subsequently caused damage or injury.”
Since no case has been found with identical facts, it is apparent that the accident in question was an uncommon occurrence. The very fact that quite unusual circumstances surround this accident indicates that the unfortunate results of the driver’s actions were unforeseeable. The case of Walton v. Fireman’s Fund Ins. Co., et al., La.App., 128 So.2d 328 does not present a similar fact situation but it contains a statement of law which may be appropriately applied to this case. In the Walton case defendant temporarily drove on the ten foot hard top shoulder of the road and thereby caused a rock to fly out and injure plaintiff. The test applied was whether the results could “have been reasonably anticipated or foreseen as a natural and probable consequence” of defendant’s actions.
In the instant case, the ultimate result of the driver’s pulling on to the slab and turning the front wheels so as to back caused a stone to be forcefully ejected from underneath the left front tire and struck plaintiff. Could this result “have been reasonably anticipated or foreseen as a natural and probable consequence” of the driver’s actions? We think not. Furthermore, the driver’s actions were necessary in order that he turn around, they were executed in a careful and prudent manner, and he was guilty of no negligence.
For the reasons assigned the judgment of the trial court rejecting plaintiff’s demands in their entirety at plaintiff’s cost is affirmed.
AfiSrmed.