REID, Judge.
This is a suit for personal injuries and property damages filed by A. J. Davis, Sr. against St. Louis Fire and Marine Insurance Company and its insured, Orbit Rentals Corporation, for personal injuries and property damages allegedly sustained by plaintiff in an accident which occurred on December 8, 1964, on Louisiana Highway 20 between Chacahoula\ and Schriever, in the Parish of Terrebonne.
Plaintiff alleges that at about 4:45 a. m. on that date he was driving his 1964 Ford in an easterly direction on Highway 20 at about 40 miles per hour on his way to work at Avondale Shipyards. He further alleges that just prior to the accident he met an oncoming car, dimmed his lights, and as that car passed him, he was confronted with the lights of a truck parked on the westbound shoulder heading west, and as he passed the parked truck he was suddenly confronted with a dark object stopped in plaintiff’s lane of traffic, which object proved to be a 1959 International truck owned by Orbit Rentals Corporation and driven by Curtis L. Davis. Plaintiff alleges there were no lights on the stalled truck nor flares or other safety devices to warn approaching traffic; that upon realizing the truck was stopped on the highway, he did everything possible to avoid hitting the truck, but without avail, and he hit the left rear of the truck, lost control of his car and crossed the highway and came to rest in a ditch. Petitioner claims damages to his automobile at $2,500.00, loss of wages $567.84, medical expenses $106.00, and pain and suffering $7,500.00.
St. Louis Fire and Marine Insurance Company and the Orbit Rental Corporation filed a general denial and alleged the Orbit truck ran out of gas at a point about three miles from Schriever, Louisiana; that the driver, Curtis L. Davis, got out of the cab of the truck leaving the headlights and taillights burning and was in the process of putting warning flares out when plaintiff collided with the left rear side of the truck *912 Defendants plead negligence on the part of plaintiff as the sole cause of the accident and in the alternative, contributory negligence.
The case was tried on June 30, 1966 and after introduction of evidence and argument of counsel, the Court ruled the defendants guilty of negligence and took the matter of quantum under advisement and on December 19, 1966, awarded judgment against the defendants, St. Louis Fire and Marine Insurance Company and Orbit Rental Corporation, jointly and in solido, in the amount of $3,841.08, with interest and costs. From said judgment the defendants have appealed.
Prior to the trial of this matter, counsel for plaintiff and defendants stipulated as to the medical expenses, damages to plaintiff’s car, and the employment of plaintiff.
In his reasons for judgment, the Trial Judge stated that his reasons for holding the defendants liable were recorded by the Court Reporter, but such are not included in the record on appeal.
As to the negligence of the driver of the truck which was struck by the plaintiff’s car, we cannot agree with the finding of the Trial Court. Although there is a divergence of testimony as to whether or not the driver of the truck had, in fact, left the lights on the body of the truck burning and had placed the warning lights on the road as provided for in the Highway Regulatory Act, it would seem from the testimony given that the driver had complied with these emergency procedures. Both the driver of the truck which was involved in the accident and Albert McGee, the driver of the other truck, testified that, at the time of the accident, the truck which was involved in the accident had its “four-way” lights on and that three (3) reflector lights had been placed on the highway. Further, they both testified that immediately prior to the accident the driver of the truck involved in the accident was attempting to light a railroad flare which he had had in his truck.
Their testimony is corroborated by the State Trooper, L. B. Wilcox, Jr., who testified that at the time he arrived at the accident all the lights on the truck were on and flares had been set out. While it is true that he arrived at the scene of the accident some thirty minutes later, and it would be possible that the lights were turned on subsequent to the accident, the trooper testified that one of the reflectors which had been set out had been run over by the car just prior to the collision. The only evidence introduced by the plaintiff which would tend to show that the lights were not on and that the reflectors had not been placed out was the testimony of the plaintiff, the testimony of his nephew, Morris Dupre, who was following him at some distance and also the testimony of his close friend, Mr. Lajaunie.
The plaintiff further attempts to convince the Court that the defendant was liable on the theory that he could and should have removed his disabled truck from the highway based upon the holding of Thibodeaux v. Jack’s Cookie Corporation, 247 La. 365, 171 So.2d 479, 1965, writ refused. However, the particular passage quoted by the plaintiff from that case states a passenger who in fifteen minutes during which the automobile was stalled did not assist the driver in pushing the automobile from the highway was guilty of contributory negligence. The petitioner cites another case, Lynch v. Fisher, La.App., 41 So.2d 692, which held the defendant liable where a logging truck was parked for 'fifteen minutes on the right lane of the highway obstructing a major part of the highway after darkness and with no tail light, or any other warning signal. Further cited is the case of Arnold v. Grain Dealers, La.App., 190 So.2d 261, holding that the leaving of an automobile on a traveled portion of a highway without lights or when the automobile could have been driven upon the neutral ground and out of danger without any problem constituted negligence. These cited cases are easily distinguishable from the *913 case at present in these respects. In the first place, we have previously stated that we felt that the testimony of the various witnesses indicate that the lights of the truck were on and the reflectors properly placed at the time of the accident. Further, the testimony shows, without doubt, that the truck involved in the collision was loaded with 41,000 pounds of salt and we hardly feel that the truck could have been removed from the highway without any problem. In fact, the removal entailed the driver of the other truck proceeding up the road some miles to turn around and then returning to the town of Schriever so as to disengage his trailer and then returning to the scene of the accident so that he could tow the truck from the highway. From this, we hardly feel that the driver of the truck involved was negligent in not removing his truck from the highway within the ten minutes transpiring from the time of his breakdown to the time of the accident. As to the negligence of the plaintiff, we are particularly impressed by the testimony of Officer Wilcox who spoke to Mr. Davis at the hospital. Officer Wilcox testified on page 85 of the Transcript as follows:
“A. He said he was blinded by the lights of the other truck that was parked on the shoulder, and he had seen this truck but he didn’t expect to see another truck parked in the highway and that was the reason he hit him. He was too close when he saw him to avoid the collision.
Q. But he mentioned seeing that truck on the shoulder of the highway, did-n’t he?
A. Yes, sir.”
The defendants properly cite the cases of Mickens v. F. Strauss & Son, Inc., La.App., 28 So.2d 84, 2nd Cir., 1946, Tatum Bros. v. Herring Transportation Company, La.App., 29 So.2d 799, 2nd Cir. 1946, which hold that a driver of an automobile at night must drive at such a speed as to be able to bring his vehicle to a stop within the range of his vision and that if he is temporarily blinded by another vehicle’s headlights, he must slow his vehicle appropriately. He also cites the case Thibodeaux v. Jack’s Cookie Corporation, La.App., 169 So.2d 918, 3rd Cir. 1964, writ refused, 247 La. 365, 171 So.2d 479, 1965, and quotes from that case as follows:
“In our opinion, there were no unusual or extraordinary circumstances present in the instant suit sufficient to cause this case to fall under the exception to the above stated general rule. We hold that the general rule applies, and that the driver of the truck was under a duty to reduce the speed of his truck and to exercise reasonable dilligence in an attempt to bring his vehicle under control when he became partially blinded by the weather conditions and the headlights of an approaching vehicle. We conclude that the driver of the defendant’s truck was negligent in failing to reduce the speed of his truck and to maintain such control over it that he would be able to stop within the range of his vision when he became partially blinded by the approaching headlights. His negligence in these particulars, we think, was a proximate cause of the accident.”
It is our finding here that the driver of the defendant-appellant’s truck, Curtis Davis, was in no way negligent. We further find that the plaintiff, A. J. Davis, was in fact negligent in that he failed to reduce his speed when he became blinded by the lights of the truck which was parked on the westbound shoulder and that this negligence was the proximate cause of the accident. We therefore find no need to go into the question of the claim for damages to the vehicle of A. J. Davis. The judgment of the trial Court is reversed.
Reversed.