Jasen, J. (dissenting).
The respondent’s claim was based on the hypothesis that tanks of propane delivered by the appellant All-Boro Gas leaked, and that this leakage caused the explosions and fire which damaged respondents ’ building. A crucial part of the respondents’ case was a laboratory test performed on the valves of five tanks which were recovered from the building after this four-alarm fire. Two valves were from tanks which had exploded in the fire. The other three valves were from tanks which had been in the basement where the fire took place. One of the valves tested leaked when subjected to a pressure of 15 pounds per square inch; two others leaked at one pound per square inch; and the remaining two valves leaked when a very slight pressure was applied. Absolutely no evidence was introduced to indicate that these valves were in this condition when delivered to the job site, and, absent such evidence, testimony as to the test results should not have been presented to the jury. Possible rough handling of the tanks before the fire, the extreme heat and explosions resulting from the fire, or possible improper handling or tampering after the fire could have well caused the leaking condition in these valves. Without any evidence to dispel these possibilities (see Fisch, New York Evidence, § 208), the jury’s verdict must be considered only the result of surmise, conjecture and speculation. (White v. Lehigh Val. R. R. Co., 220 N. Y. 131; Demjanik v. Kultau, 242 App. Div. 255.) Therefore, I would reverse and remand for a new trial.
Order affirmed.