LANDRY, Judge.
Plaintiffs, husband and wife, appeal from the judgment of the trial court denying recovery for injuries sustained by Mrs. Holliday when the vehicle being driven by her husband swerved to avoid a piece of pipe which either fell from or was propelled by the wheels of an oncoming truck driven by defendant, Walter R. Rudesill, employee of defendant W. R. Core d/b/a W. R. Core Company (Core). Named defendants, in addition to Rudesill, are Core and Core’s insurer, The Travelers Insurance Company. We affirm the judgment rendered below.
The somewhat unusual accident occurred at approximately 5:00 P.M., March 16, 1966, on U. S. Highway 190 between Pon-chatoula and Madisonville, Louisiana. At the scene of the accident, the highway is a paved, two-lane thoroughfare. Holliday was driving westerly; Rudesill was proceeding easterly driving a tractor which was pulling a lowboy trailer. Rudesill’s vehicle was followed by two other similar vehicles which were also going easterly. As Rudesill’s truck approached plaintiffs’ car, a piece of pipe, measuring one and one-half inches in diameter and two feet in length, either fell from the truck or was thrown from under the wheels of the truck into the path of plaintiffs’ automobile. Mr. Holliday swerved to avoid the object. Mrs. Holliday, who occupied the right front seat of her husband’s car, was knocked about inside the vehicle and injured. The truck and automobile did not touch or collide. Despite Holliday’s maneuvering, the pipe struck the front bumper of his automobile causing negligible damage thereto.
Plaintiffs maintain defendants are liable under the jurisprudence established in Jeansonne v. Louisiana Ready Mix Company, Inc., La.App., 164 So.2d 157, which held that a motorist is liable if he permits his moving vehicle to strike a visible foreign object on the highway, and such object causes damage to another. Plaintiffs also contend that Rudesill is liable on the theory that a driver owes the duty of keeping a lookout sufficient to detect objects on a highway in time to take evasive action to avoid them. In this regard, plaintiffs rely on Ardoin v. Travelers Insurance Co., La.App., 229 So.2d 426; Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412, and Davis v. St. Louis Fire & Marine Insurance Co., La.App., 200 So.2d 910. Plaintiffs also maintain that a motorist is under a duty to see, and is liable for damages occasioned by his failure to see, that which a prudent driver could have seen.
*235 Appellants originally contended that the pipe either fell from the truck, or was lying on the roadway and was activated by the truck running over it, or was on the shoulder of the road and was placed in motion by the wheels of the truck. On appeal, the contention that the pipe fell from the truck has been expressly abandoned.
Mr. Holliday testified that as he proceeded down the highway, he observed three approaching lowboy trucks. When he reached a point approximately three car lengths from Rudesill’s truck, which was the first in line, he observed the length of pipe hit the road surface and bounce in his direction, turning end over end. He immediately applied his brakes, veered to his right, and skidded onto the right shoulder of the highway. He then veered back to his left onto the roadway, at which time the pipe struck the front bumper of his car. To avoid striking the oncoming truck, he then cut sharply to his right and eventually brought his vehicle under control. He then reversed his direction, overtook Rudesill’s truck and requested Rudesill to stop. After obtaining Rudesill’s name and the name of Rudesill’s employer, Holliday proceeded to Ponchatoula. That he gave conflicting testimony regarding whether the pipe fell from the truck is a matter of no moment considering this particular contention has been abandoned.
Mrs. Holliday’s testimony is that she observed several oncoming or passing trucks immediately before the accident. She stated that her husband exclaimed “Honey, look out, there comes a piece of iron”, and immediately after Mr. Holliday swerved his vehicle. She also stated that, in the process, she was thrown about inside the car and struck her head.
Defendant Rudesill testified he was driving his tractor and attached lowboy to Covington, returning from a trip to Killi-an, Louisiana, where he had delivered a large pump. After unloading his cargo, the flat bed lowboy was thoroughly cleaned. No loose or unattached objects were left thereon. At the time of the accident, he was traveling approximately 4S-50 miles per hour. Rudesill heard a noise, looked in his rear view mirror and saw a piece of pipe emerge from beneath his trailer four or five feet from the rear trailer wheels. He stopped to determine whether the pipe struck the vehicle behind him. He did not recall seeing the Holliday vehicle pass him going in the opposite direction. Upon determining that the vehicle behind him had not been struck by the pipe, he continued toward Covington. Shortly thereafter, plaintiff drove up beside him and requested that he stop. After giving Holliday his name and that of his employer, Rudesill continued to his destination. He stated he did not see the pipe on the road prior to the accident. He acknowledged that the pipe came from beneath his vehicle and was undoubtedly placed in motion by coming into contact with the wheels of his truck. Rudesill also noted that his vehicle was eight feet wide and that, the road being narrow, his wheels occasionally extended onto the shoulder of the road. He did not see this particular piece of pipe either on the roadway or on the shoulder. He conceded that on his trip to Killian, he had observed some debris, including several pieces of pipe, on the roadside at the approximate point where the accident occurred.
The jurisprudence determining liability for damages in cases of this nature, is set forth in Jeansonne v. Louisiana Ready Mix Co., 164 So.2d 157. In effect, Jeansonne holds that liability attaches in these cases in three general factual circumstances, namely: (1) where excessive speed of a passing vehicle is the cause of injury; (2) where the vehicle strikes a plainly visible foreign object, such as a bottle or other thing, on the street, and (3) where the spinning of wheels to obtain traction propels an object which causes the damage. In addition, Jeansonne, above, adopted and applied the rule announced in Walton v. Fireman’s Fund Insurance Company, La. *236 App., 128 So.2d 328, that, in such cases, the test is whether the harmful results are the reasonably foreseeable result of defendant’s action.
In this instance, defendants’ liability, if any, must be predicated on the ground that Rudesill struck and put in motion a plainly visible foreign object. As found by the trial court, the evidence does not support such a conclusion.
Neither the plaintiffs nor Rudesill observed the pipe on the highway prior to the accident. It is elementary that plaintiff bears the burden of establishing defendant’s alleged negligence by a preponderance of evidence. Girard v. Illinois Central R. R. Co., 3 La.App. 748. It cannot be presumed that the pipe in question was in the roadway and that defendant should have seen it.
Even assuming, for argument’s sake, that the pipe was in the roadway, it does not appear that Rudesill could or should have seen it in time to avoid striking it. The evidence discloses that only a very short distance separated these vehicles when the pipe was observed in motion. Had it been lying in the road, it is speculative, to say the least, that Rudesill could have taken evasive action without risking a collision with plaintiffs’ oncoming vehicle.
Nor do we find merit in plaintiffs’ contention that if the pipe were on the shoulder of the road, Rudesill could or should have seen it if he pulled his wide vehicle partly on the shoulder to safely pass plaintiff. In this regard, Rudesill testified that the shoulder was grassy. If the pipe were on the shoulder of the highway and Rudesill did pull on the shoulder, the pipe could easily have been obscured to the extent that Rudesill’s failure to detect its presence did not amount to negligence on his part. In no event can we say that plaintiffs’ damages can be considered the reasonable and probable consequences of Rudesill’s actions in this instance.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by plaintiffs-appellants.
Affirmed.