ELLIS, Judge.
This is a suit in which Victor C. Le-Blanc, both individually and as administrator of the estate of his minor son, Dantin V. (Danny) LeBlanc, is claiming damages arising out of an accident in which his son was injured. The defendants are Medric J. Aucoin, Sr., Medric J. Aucoin, Jr., and The Insurance Company of the State of Pennsylvania. After trial on the merits, judgment was rendered in favor of plaintiff, and defendants have appealed.
When the accident happened, Mr. Au-coin, Jr. was operating a pick-up truck owned by Mr. Aucoin, Sr. and insured by The Insurance Company of the State of Pennsylvania. The truck was pulling a two wheel trailer, loaded with sawdust. Young Aucoin was engaged in backing the truck and trailer towards the spot at which it was to be unloaded.
Lying across the path of the trailer was a log or pole fifteen feet long and from three to five inches in diameter. Mr. Au-coin, Jr. did not see the pole because, according to his testimony, the grass was too high. When the wheels of the trailer struck the pole, it “jumped” or “squirted” from under the wheels and struck young LeBlanc on the ankle, causing the injuries *85 complained of herein. At the time of the accident, he was standing six to eight feet from the left rear of the trailer. Mr. Au-coin, Jr. was unaware of Danny’s presence at that spot. He testified he was looking over his right shoulder when backing up, and could not see him. Danny was aware of the presence of the log, and that the trailer was being backed toward it. He testified that when the wheels of the trailer came in contact with the pole, he saw the left rear wheel of the truck spinning. Another witness said that the engine of the truck speeded up slightly. There is no testimony to indicate that there was anything otherwise improper in the manner in which Mr. Aucoin, Jr. was operating the truck.
Plaintiff contends that Aucoin was negligent in failing to see the pole and in failing to see Danny. He relies on the cases of Jeansonne v. Louisiana Ready Mix Co., 164 So.2d 157 (La.App. 1 Cir. 1964), and Holliday v. Rudesill, 250 So.2d 233 (La. App. 1 Cir. 1971). In these cases, we detailed three types of cases in which recovery has been allowed to those struck by objects impelled or thrown by a motor vehicle or its wheels. However, these cases also stand for the proposition that, if the driver of a motor vehicle strikes a plainly visible object, or propels an object by spinning his wheels, he cannot be found liable for injury caused thereby unless the result is a reasonably foreseeable consequence of his action.
In this case, even if we were to hold that Mr. Aucoin, Jr. should have seen the pole, we cannot say that he could reasonably have anticipated that backing a trailer over it at a slow rate of speed would cause it to “jump” or “squirt” out as it did.
Further, if such a consequence should have been anticipated by Aucoin, it could just as easily be foreseen by Danny LeBlanc, who was aware of the log, knew that the trailer was backing over it, and yet remained in a position of peril. Defendants would be entitled to avoid liability on their plea of contributory negligence.
We are therefore of the opinion that defendants were not guilty of negligence, and that if they had been, plaintiff was guilty of contributory negligence.
The judgment appealed from is reversed and there will be judgment in favor of defendants dismissing plaintiff’s suit at his cost.
Reversed and rendered.