SHORTESS, Judge.
Suzanne Bordelon (plaintiff) was injured when a piece of plywood was thrown from the wheels of an oncoming truck and struck the windshield of the vehicle in which she was a guest passenger. The truck driver, apparently unaware of the accident, did not stop and was never identified. Plaintiff filed suit against her uninsured motorist carrier, Hanover Insurance Company, and Louisiana Farm Bureau Casualty Insurance Company,[1] the uninsured motorist insurer of her host driver and cousin, Jules Bordelon (Bordelon).
The issues of liability and quantum were bifurcated for trial. After trial on the issue of liability, the trial court ruled in favor of the defendants, holding that plaintiff had failed to show any negligence on the part of the truck driver. Plaintiff brings this appeal.
This accident occurred at approximately 1:15 p.m. on August 23, 1983, on Louisiana Highway 1 in Pointe Coupee Parish. Plaintiff was a front-seat passenger in a 1977 Buick automobile owned and operated by Bordelon. They were traveling southbound from Moreauville to Baton Rouge at about 50 miles per hour. The portion of Highway 1 on which they were traveling is a straight two-lane blacktopped highway which follows False River with steeply sloping shoulders on the river side of the highway. As Bordelon proceeded southbound, a northbound 18-wheel gravel truck ran over a 25V2" x 19V2" x 1" sheet of white plywood lying directly in the truck’s lane of travel. The plywood was ejected from under the truck and became airborne. It sailed alongside the rear of the truck in the southbound lane and then collided with the Bordelon vehicle, shattering the windshield and injuring plaintiff.
At the time of the accident, policies of insurance were in effect with Hanover and Farm Bureau which insured plaintiff against damages for bodily injury caused by an accident for which she was “legally entitled to recover” from the owner or operator of an uninsured vehicle. The policy language “legally entitled to recover” has been interpreted by the Louisiana Supreme Court to require a plaintiff to establish fault on the part of the uninsured motorist which gives rise to his damages. Hart v. Allstate Insurance Co., 437 So.2d 823, 828 (La.1983). Thus, in this case, plaintiff has the burden of proving the negligence of the operator of the gravel truck.
Plaintiff contends that the plywood was plainly visible and that the truck driver was negligent in failing to keep a proper lookout sufficient to detect it lying in the highway. In the alternative, plaintiff contends the truck driver was negligent in failing to take evasive action or to reduce the speed *609 of his vehicle. Defendants contend, however, that the plywood was not plainly visible and that the truck driver had no time to take evasive action or slow his vehicle once he saw the object in the roadway. Defendants further contend that even if the truck driver was negligent, which they deny, there was no physical contact between the truck and the Bordelon vehicle so as to bring this accident within the hit-and-run coverage provision of the policies.
The Bordelons were the only witnesses to testify. Plaintiff testified that she never saw the plywood on the road. She first saw the 18-wheel gravel truck when the vehicles were about 50 yards apart. She looked away, then looked back and saw a white object in the air alongside the bed of the truck, about two car lengths away. The object then collided with the windshield on the passenger side of the Bordelon vehicle.
Jules Bordelon testified that he observed a red work truck approaching in the northbound lane followed about 50 yards by the silvery blue gravel truck. The trucks were traveling at about 50-55 miles per hour. After the red truck passed, he saw the front wheels of the gravel truck run over what appeared to be a sheet of paper. The object was not visible to him in the roadway between the two trucks, and neither truck took any evasive action or slowed. He did not see the object again until it crashed into his vehicle.
Under Louisiana law a motorist may be held liable if he strikes and puts in motion a plainly visible foreign object on the roadway which causes damage to another. Holliday v. Rudesill, 250 So.2d 233 (La.App. 1st Cir.1971). Thus, any liability of defendants in this case must be predicated on the finding that the plywood was plainly visible and that the uninsured motorist could have avoided striking it and setting it in motion but failed to do so.
The trial court found no negligence by the truck driver. In reviewing factual findings based on testimony adduced in open court, we must follow the clearly wrong or manifest error standard of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the testimony of the Borde-lons, this court cannot say that the trial court’s finding of fact was clearly wrong.
The testimony of both plaintiff and Jules Bordelon belies plaintiffs contention that the sheet of plywood was plainly visible. The' plywood was not visible at all to plaintiff while it was in the roadway and was visible to Bordelon only when he was two car lengths away. There was no evidence that the plywood was more visible to the approaching truck driver. This court cannot presume that the truck driver could or should have seen and avoided an object that was not plainly visible to the only witnesses who testified in the case.
Since we find that the trial court was not clearly wrong in finding that the unidentified truck driver was not guilty of any negligence, it is unnecessary to reach the issue of whether or not the lack of direct physical contact between the truck and the Bordelon vehicle precludes plaintiffs recovery under the policies sued upon herein.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiffs costs.
AFFIRMED.

. Plaintiffs petition erroneously refers to Louisiana Farm Bureau Casualty Insurance Company as “Farm Bureau Insurance Company.”